THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT CULP, Defendant-Appellant.

Fourth District   No. 4—84—0006

Opinion filed September 5, 1984.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Edward Litak, State's Attorney, of Danville (Robert J. Biderman and Rebecca L. White, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:

In April 1982, the defendant Robert Culp entered a negotiated plea of guilty to two counts of burglary and two counts of armed robbery (Ill. Rev. Stat. 1981, ch. 38, pars. 19—1, 18—2) in Vermilion County case No. 81—CF—383. His guilty plea was accepted and he was thereafter sentenced. In July 1983, while serving imprisonment in this cause, the defendant filed a *pro se* petition as provided under the Post-Conviction Hearing Act. (Ill. Rev. Stat. 1981, ch. 38, par. 122 *et seq.*) The State filed a motion to dismiss which was allowed on December 28, 1983. From this order, the defendant appeals, alleging that his guilty plea must be vacated as the sentence imposed exceeded that agreed to at the time his plea was entered. We reverse.

At the April 1982 hearing wherein the defendant's guilty plea was taken, the plea agreement was stated to be as follows:

"[Defendant] would plead guilty to Counts I, burglary; V, burglary; VI, armed robbery; and VII, armed robbery, in an amended information in 81 CF 383. The remaining counts of that information [II, III, and IV, theft over and unlawful use of weapons] will be dismissed. All sentences on those four counts would be concurrent, with a ceiling of 15 years, 15 years being the maximum that could be imposed. Further, that [defendant] if called upon would testify truthfully as a State's witness in cases involving [two other individuals]. Further, that [defendant] would not be prosecuted—no charges would be filed on any offenses or alleged offenses of which the State is aware at this time. These would be reflected in Answers to Discovery filed by the State in this case and which are part of the court record at this time."

Defense counsel further stated that the alleged offenses of the defendant, with regard to which the State would not bring charges, included those referred to in about 11 supplements to the State's discovery answers. It was noted also that the plea agreement excluded the possibility of extended-term sentencing, given defendant's prior record, by virtue of the fact that it imposed a maximum possible sentence of 15 years' imprisonment.

Defendant's petition for post-conviction relief alleged that he had entered a guilty plea pursuant to plea agreement in return for a maximum penalty of 15 years' imprisonment and that he had instead been sentenced in excess of the agreement as stated at the entry of his plea, in that he had been ordered to pay some $7,000 in restitution in addition to the term of imprisonment. He further alleged that no one had mentioned such restitution prior to the entry of his plea. He

therefore sought vacatur of his sentence as to the restitution as violative of his rights under the constitutions of the United States and the State of Illinois. Counsel was appointed to represent the defendant.

The State's motion to dismiss asserted that defendant's petition failed to raise a constitutional claim cognizable under the Post-Conviction Hearing Act; that the order of restitution was proper under section 5—5—3(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3(b)); and that defendant had waived any errors in sentencing by his failure to file a timely notice of appeal after complying with Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)).

On December 16, 1983, a hearing was conducted on the State's motion. Defense counsel represented to the court that defendant would not have pleaded guilty had he known he would be required to pay the restitution and that he had not been so informed by counsel or the court prior to the entry of his plea. The court allowed the State's motion and remarked that the petition raised no constitutional issue or allegation sufficient to grant post-conviction relief, that the order of restitution had been proper, and that any error had been waived by defendant's failure to appeal after complying with Supreme Court Rule 604(d). The court opined that it had concurred in the sentence stated in the plea agreement only to the extent of an upper limitation on the length of penitentiary sentence, and that all other sentencing options had remained open to it. Moreover, the court regarded the order of restitution as within its sentencing authority even if, as the defendant contends, he was not specifically advised of his responsibility to compensate the victims of his offenses.

We first consider the matter of waiver based upon the defendant's failure to proceed under Supreme Court Rule 604(d) (87 Ill. 2d R. 604(d)). Supreme Court Rule 604(d) states in pertinent part:

> "No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to withdraw his plea of guilty and vacate the judgment. *** The trial court shall then determine whether the defendant is represented by counsel and if the defendant is indigent and desires counsel, the trial court shall appoint counsel. *** The defendant's attorney shall file with the trial court a certificate stating that the attorney has consulted with the defendant *** to ascertain his contentions of error in the entry of the plea of guilty, has examined the trial court file and report of proceedings of the plea of guilty, and has made any amendments to the motion necessary for adequate presentation of any defects in

those proceedings. The motion shall be heard promptly, and if allowed, the trial court shall vacate the judgment and permit the defendant to withdraw his plea of guilty and plead anew. If the motion is denied, a notice of appeal from the judgment and sentence shall be filed within the time allowed in Rule 606."

This court has previously held that in seeking a review of trial court proceedings under the Post-Conviction Hearing Act the defendant need not have exercised his right to direct appeal, although relief in such circumstances can only issue where the defendant has suffered a substantial denial of constitutional rights. (*People v. Wenger* (1976), 42 Ill. App. 3d 608, 356 N.E.2d 432.) The applicability of Rule 604(d) to post-conviction proceedings has been the subject of further explication in *People v. Parker* (1978), 57 Ill. App. 3d 697, 700-01, 373 N.E.2d 737, 740-41, as follows:

> "It is clear that the failure to comply with Rule 604(d) forecloses the defendant from appealing his conviction. (*People v. Frey* (1977), 67 Ill. 2d 77, 364 N.E.2d 46; *People v. Bryant* (1977), 45 Ill. App. 3d 428, 359 N.E.2d 888.) But the rule does not purport to do more than that. And while it is also clear that a defendant who has once obtained a review by appeal or writ of error cannot thereafter raise on a post-conviction petition or otherwise any claims which he could have made on the direct appeal but did not (*People v. Frank* (1971), 48 Ill. 2d 500, 272 N.E.2d 25; *Ciucci v. People* (1960), 21 Ill. 2d 81, 171 N.E.2d 34), the rule is clearly different where the defendant for some reason never appealed. As the Illinois Supreme Court explained in *People v. Rose* (1969), 43 Ill. 2d 273, 279, 253 N.E.2d 456, 461:
>
>> 'The concept of *res judicata* clearly does not bar petitioners' claims here, since those claims have not been reviewed, and the present proceedings are timely. On the same basis, waiver does not bar assertion here of constitutional rights. While the petitioners have waived, by failure to appeal, those rights based on mere error in the trial, they are still entitled to assert those constitutional rights which the Post-Conviction Act is designed to protect and preserve. The essence of waiver was reiterated by this court in *People v. Ashley*, 34 Ill. 2d 402, 408: "We have consistently held that where review *has once been had* by a writ of error, *** any claim which might there have been raised, but was not, is considered waived." (Emphasis added.) (See *People v. La Frana*, 4 Ill. 2d 261, 266.) Thus, a party who fails to take an appeal,

whether by careful choice, inadvertence, indigence, or as a result of fleeing the jurisdiction as here, may waive claims of error, but any right which may have existed to a post-conviction hearing on the constitutionality of imprisonment will remain undiminished.' "

Accord, *People v. Coultas* (1979), 75 Ill. App. 3d 137, 139 n.1, 394 N.E.2d 26, 27 n.1; see also *In re Buchanan* (1978), 62 Ill. App. 3d 463, 465-66, 379 N.E.2d 122, 124, and cases cited therein.

▮ As petitioner is appealing from the dismissal of his post-conviction petition, we are limited to considering matters which are of a constitutional dimension. A violation of a statute or a rule of procedure which does not constitute a deprivation of constitutional rights may not be considered. (*People v. Robinson* (1978), 66 Ill. App. 3d 601, 606, 384 N.E.2d 420, 424-25, and authorities cited therein.) Mere noncompliance with Supreme Court Rule 402 does not necessarily raise an issue of constitutional dimension, as evidenced by the language of the rule, but is relevant in a post-conviction proceeding insofar as the record evidences a defendant's plea to be intelligently and voluntarily made. (*People v. Turner* (1975), 25 Ill. App. 3d 847, 852, 323 N.E.2d 371, 375.) Accordingly, we must consider whether the rule was violated and, if so, whether this violation rendered petitioner's plea involuntarily made. In so doing, we have carefully reviewed the record on appeal, such as it is, consisting of the transcripts of the hearing at which defendant's plea was taken, the hearing on the State's motion to dismiss the petition herein, and the petition's common law record. We are unable to determine the basis for an order of restitution of some $7,000, as only two references appear in this record to losses caused by the defendant's conduct, occurring in the factual basis for defendant's plea, *i.e.*, "[h]e then took approximately three or four thousand dollars from the office and left with it" and "they got away with approximately $200."

At the hearing at which defendant's guilty plea was accepted, the trial judge admonished the defendant at length pursuant to Supreme Court Rule 402. The trial court inquired several times whether defense counsel had discussed with defendant the charges against him, the elements of those charges and the possible penalties. The defendant responded that counsel had discussed these matters with him and that he understood them. Defendant agreed that his counsel's statement of the plea agreement, previously referenced, was as he understood it. In addition to previously referenced excerpts, we note the following:

"[Court]: Let's see if your understanding and mine are the

same. \*\*\*

\* \* \*

[Y]ou're tendering a plea to [counts I, V, VI, and VII] with the understanding that Counts II, III, and IV would be dismissed. \*\*\* [T]hat you would be entitled to a full sentencing hearing and pre-sentence report. *The Court would be limited in any penitentiary sentence to a term of 15 years*, with all sentences running at the same time or concurrently, and the plea is further conditioned upon your taking the stand and testifying truthfully in the matters relating to [two other individuals]." (Emphasis added.)

Defendant acknowledged that this was his understanding of the agreement. The court informed the defendant of the minimum and maximum sentences prescribed by law for the offenses with which he was charged, advising the defendant of both the range of penitentiary time and fines which could be imposed. The court then questioned the defendant as follows:

"[Court]: Has anyone told you what your sentence would be?

A. No.

Q. Has [defense counsel] or anyone else given you an opinion?

A. Yes.

Q. There's nothing wrong with an opinion. It's not binding on the Court, however. Neither the opinion of [defense counsel] or the recommendation of the State is binding on the Court. If you plead guilty today, you could be sentenced to \*\*\* terms of imprisonment in the penitentiary. *You could be given any other sentences that I've described to you.* You could receive up to 15 years in total on any one of the armed robbery convictions entered on your plea. Do you understand this?

A. Yes.

Q. What opinion did [defense counsel] indicate?

\* \* \*

[Defense counsel]: I told him that by accepting this plea agreement, that he had to be prepared to receive the maximum that he could get which would be 15 years.

Q. [By the Court]: Is that accurate?

A. Yes." (Emphasis added.)

The court further explained mandatory supervised release and admonished the defendant on the rights he would waive in entering his plea. Following the statement of factual basis for the plea, the trial court found the defendant to be of above-average intelligence, determined that his waiver of rights was voluntary and accepted his guilty plea.

Supreme Court Rule 402 provides in pertinent part:

"The court shall not accept a plea of guilty without first, by addressing the defendant personally in open court, informing him of and determining that he understands the following:

(1) the nature of the charge;

(2) *the minimum and maximum sentence prescribed by law,* \*\*\*

\* \* \*

(b) Determining Whether the Plea is Voluntary. The court shall not accept a plea of guilty without first determining that the plea is voluntary. If the tendered plea is the result of a plea agreement, the agreement shall be stated in open court. *The court,* by questioning the defendant personally in open court, *shall confirm the terms of the plea agreement,* \*\*\*.

\* \* \*

(d) Plea Discussions and Agreements. When there is a plea discussion or plea agreement, the following provisions, in addition to the preceding paragraphs of this rule, shall apply:

\* \* \*

(2) If a tentative plea agreement has been reached by the parties which contemplates entry of a plea of guilty in the expectation that a specified sentence will be imposed or that other charges before the court will be dismissed, the trial judge may permit, upon request of the parties, the disclosure to him of the tentative agreement and the reasons therefor in advance of the tender of the plea. \*\*\* *The judge may then indicate to the parties whether he will concur in the proposed disposition;* \*\*\*. If he has indicated his concurrence or conditional concurrence, he shall so state in open court at the time the agreement is stated as required by paragraph (b) of this rule. *If the defendant thereupon pleads guilty, but the trial judge later withdraws his concurrence or conditional concurrence, he shall so advise the parties and then call upon the defendant either to affirm or to withdraw his plea of guilty.*" (Emphasis added.) (87 Ill. 2d R. 402.)

With this language in mind, we consider defendant's claim in light of the admonitions given.

■■ Generally, if the defendant's plea of guilty was made in reliance on a misrepresentation as to the sentence imposed, such plea was not voluntary and should be set aside. A contention raising such an issue is cognizable under the Post-Conviction Hearing Act. (*People*

*v. Matthews* (1975), 60 Ill. 2d 123, 324 N.E.2d 396 (record not supporting promise that sentence imposed would run concurrent with out-of-State sentence); *People v. Washington* (1967), 38 Ill. 2d 446, 232 N.E.2d 738, and authorities cited therein (remanded for hearing to determine truth or falsity of allegation that defense counsel represented to defendant that judge and prosecutor had agreed that, on guilty plea, he would be sentenced to imprisonment for a term of 14 years, where he had been sentenced to 25 years' imprisonment).) A defendant is not chargeable with matters *dehors* his own trial, as the purpose of Rule 402 is to provide a procedure eliminating any doubt that the plea was made with full knowledge and understanding and to avoid a method of procedure which attributes to the defendant such knowledge and understanding based upon implications arising from the common law record. (*People v. Terry* (1969), 44 Ill. 2d 38, 253 N.E.2d 383.) Therefore, knowledge of restitution as a possible sentence will not be attributed to the defendant.

Admonitions by a court which adequately state the minimum, but not the maximum, sentence faced by a defendant upon entry of a guilty plea have been held to fall short of that required under Rule 402. *People v. Terry* (1969), 44 Ill. 2d 38, 253 N.E.2d 383 (admonition of indeterminate term, not less than one year, held insufficient); *People v. Mackey* (1965), 33 Ill. 2d 436, 438, 211 N.E.2d 706, 708, ("Court may sentence you in each of those cases to a term *** of more than one year," held insufficient); *People v. Huggins* (1973), 11 Ill. App. 3d 307, 308, 296 N.E.2d 360, 360, (" 'a person convicted of burglary shall be imprisoned in the penitentiary for an indeterminate term of not less than one year' " held insufficient). It has also been stated that under Rule 402, in admonishing a defendant charged with the offense of murder, the court must inform of the death penalty as the maximum penalty, even if the prosecutor has not requested a death penalty hearing, else the State may be precluded from seeking the death penalty if defendant later withdraws his plea. (*People v. Walker* (1981), 84 Ill. 2d 512, 419 N.E.2d 1167 (absent new and objective information justifying sanction increase); *People v. Nichols* (1981), 96 Ill. App. 3d 354, 420 N.E.2d 1166.) Similarly, in *People v. Wenger* (1976), 42 Ill. App. 3d 608, 356 N.E.2d 432, this court held that upon revocation of the defendant's probation, the sentencing court was constrained in sentencing by the maximum penalty upon which the defendant had originally been admonished, quoting *People v. Jackson* (1973), 13 Ill. App. 3d 232, 236, 300 N.E.2d 557, 560:

> "It is readily apparent that an accused's knowledge of the consequences is not only a determining factor in the voluntariness

of his plea but is often an inducement to a guilty plea.

*Justice and fairness demand that if a guilty plea rests on an inaccurate representation as to the maximum penalty the promise implied in the representation should be fulfilled.*" (Emphasis added.)

In *Wenger*, this court also quoted its decision in *People v. Wills* (1974), 23 Ill. App. 3d 25, 32, 319 N.E.2d 269, 274, *aff'd in part, rev'd in part* (1975), 61 Ill. 2d 105, 330 N.E.2d 505, *cert. denied* (1975), 423 U.S. 999, 46 L. Ed. 2d 374, 96 S. Ct. 430, wherein it was stated:

"We agree that no prejudice results when a defendant has been admonished as to the maximum risk to which he exposes himself in entering a plea of guilty, though that risk is understated by the trial judge, *provided he is sentenced within the limits stated to him.* Such a rule is fundamentally fair both to the defendant and to the People. The attendant safeguard lies in the requirement that the plea must be vacated in the event that the defendant is sentenced to a term in excess of the maximum stated to him by the trial judge." (Emphasis added.)

Accord, *People v. Woodall* (1976), 44 Ill. App. 3d 1003, 358 N.E.2d 1267 (defendant originally admonished of maximum sentence of eight years' imprisonment, held, on probation revocation, maximum sentence is eight years). See generally Annot., 97 A.L.R.2d 549, secs. 11, 14 (1964), and Later Case Service (1983); J. Bond, Plea Bargaining & Guilty Pleas sec. 3.39 (2d ed. 1982).

■ Upon consideration of these authorities, we conclude that by entry of a guilty plea a defendant is exposed to sentences within the range stated by the trial court in admonishments preceding entry of the plea. We conclude that restitution is an authorized statutory increment to the dispositions provided in section 5—5—3 of the Unified Code of Corrections and when ordered by the trial court becomes an operative part of the "[m]aximum sentence prescribed by law ***" within the language of Supreme Court Rule 402(a)(2). In so construing the Supreme Court Rule, we look to the various provisions of the Unified Code of Corrections. Section 5—5—3 states in pertinent part:

"(a) Every person convicted of an offense *shall be sentenced as provided in this Section.*

(b) *The following options shall be appropriate dispositions, alone or in combination, for all felonies and misdemeanors* other than those identified in subsection (c) of this Section:

(1) A period of probation;

(2) A term of periodic imprisonment;

(3) A term of conditional discharge;

(4) A term of imprisonment;

(5) An order directing the offender to clean up and repair the damage, ***

(6) A fine; or

(7) *An order directing the offender to make restitution to the victim* under Section 5—5—6 of this Code.

However, *neither a fine nor restitution shall be the sole disposition for a felony* and either or both may be imposed only in conjunction with another disposition." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3.)

Subsection (c)(3) of that section provides:

*"The court may sentence* an offender convicted of a business offense or a petty offense or a corporation or unincorporated association convicted of any offense *to*:

(A) A period of conditional discharge;

(B) A fine;

(C) *Make restitution* to the victim under Section 5—5—6 of this Code." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 38, par. 1005—5—3(c)(3).)

In reaching our conclusion we also note that section 5—5—6, referred to in the aforementioned sections, was amended Public Act 83—1061, section 1, effective July 1, 1984, which amended language states:

"An offender *may be sentenced to make restitution* which shall be determined by the Court as hereinafter set forth:

\* \* \*

(g) A *sentence of restitution* may be modified or revoked by the court *** *but no sentence to make restitution shall be revoked* unless ***." (Emphasis added.) Ill. Rev. Stat., 1983 Supp., ch. 38, par. 1005—5—6.

██ To the extent that the trial court herein gave the appearance of concurring in the plea agreement and admonished the defendant of the maximum sentence applicable to the offenses covered by the agreement only in terms of imprisonment and fines, we conclude that such comprised the sentencing options available to it after entry of the plea. By this holding we do not intend the trial courts to be unduly restrained in concurring in the plea agreements brought before them, but, consistent with the intendments of Rule 402, we stress that *in entering a limited concurrence, and reserving unto itself various sentencing options,* the court must specifically state on the record those options which it intends to reserve, and ascertain on the record that the defendant understands the limits of the concurrence—and

each and every sentencing option thereby reserved—prior to the entry of his guilty plea. We consider *People v. Lambrechts* (1977), 69 Ill. 2d 544, 372 N.E.2d 641, cited by the State, to be inapposite, inasmuch as the trial judge did not concur in the sentencing recommendation of the plea agreement.

Reversed and cause remanded for proceedings consistent with this opinion.

GREEN and WEBBER, JJ., concur.