ANSTEAD, Chief Judge.
We affirm appellant’s sentence of consecutive terms totalling 49 years entered in strict accord with a plea agreement as to numerous bad check charges.
Under the plea agreement, had appellant appeared for his initial sentencing hearing, the maximum sentence he would have received was 3 years. We must confess that we are concerned that the state, the appellant, and especially the trial court would all agree with a plea arrangement that resulted in the appellant’s receiving additional consecutive sentences of some 46 years because he failed to appear at the hearing. Appellant now points out, for the first time, that his failure to appear for a hearing would ordinarily be punishable by a maximum of 5 years. See § 843.15, Fla. Stat. (1983). Hence, according to appellant, he should have received 3 years plus 5 for not showing up, or a total of 8 years, instead of the 49 years provided for in the plea agreement. We cannot agree. The record is abundantly clear and explicit in reflecting appellant’s voluntary agreement to a plea arrangement that called for the very sentence eventually imposed if he did not appear for sentencing. Davis v. State, 308 So.2d 27 (Fla.1975). We cannot cavalierly set aside such a plea agreement which was fully within the law and clearly agreed to by appellant. It is undisputed that appellant’s failure to appear was a result of his willful action to avoid imprisonment and that the sentences imposed were lawful.
Notwithstanding our affirmance, we would hope that counsel will not recommend and that trial courts will be reluctant to approve such plea arrangements in the future. While a defendant certainly deserves to be penalized for not appearing, as section 843.15 provides, an extra 46 years seems a bit much, especially at a time when the state’s justice system is making a concerted effort to improve the sentencing process. Our affirmance is, of course, without prejudice to appellant’s right to seek post-conviction relief.
HURLEY and WALDEN, JJ., concur.