◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN DODSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Feldman, J.), rendered March 15, 1983, convicting him of attempted robbery in the second degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

The plea minutes reveal that prior to accepting defendant's guilty plea, the court informed him that he would be sentenced to an indeterminate term of imprisonment of 1 to 3 years. The court further indicated that if he failed to appear before the court on the day of sentencing, he would be sentenced to a term of imprisonment of 2⅓ to 7 years. Defendant indicated that he understood this. Defendant then withdrew his plea of not guilty to the charges contained in the indictment and the court accepted his plea of guilty to the crime of attempted robbery in the second degree.

Defendant failed to appear on the originally scheduled sentence date and was eventually arrested on a bench warrant. He offered no reasonable excuse for his failure to appear

and so was sentenced to 2⅓ to 7 years' imprisonment. As this sentence was part of the plea agreement, it was properly imposed without affording defendant the opportunity to withdraw his guilty plea *(see, People v Mack,* 107 AD2d 822; *People v McDaniels,* 111 AD2d 876; *People v Innes,* 111 AD2d 356). O'Connor, J. P., Rubin, Eiber and Kunzeman, JJ., concur.