THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN HAYES, Defendant-Appellant.

First District (2nd Division)   No. 86—610

Opinion filed August 18, 1987.

James J. Doherty, Public Defender, of Chicago (R. H. R. Silvertrust, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Bonnie Meyer Sloan, and Kim A. Novi, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant appeals denial of his motion for a new sentencing hearing after he pleaded guilty to two counts of attempted murder (Ill. Rev. Stat. 1983, ch. 38, par. 8—4) and the circuit court sentenced him to 12 years' imprisonment. The issues raised include whether: (1) the circuit court improperly denied defendant's statutory right to a new sentencing hearing; (2) the circuit court imposed an excessive and vindictive sentence in response to defendant's failure to appear for sentencing; (3) the prosecution violated the plea agreement by recommending a 30-year sentence, after previously agreeing to recommend a six-year sentence.

On the evening of July 10, 1984, defendant went to the apartment of his estranged wife, Frankie Lloyd, who was living with her mother, Leslie Gilani. During an argument with his ex-wife, defendant stabbed her with a knife in the back and chest. Gilani tried to pull defendant off; they wrestled and defendant stabbed her in the chest, side and arm. Defendant left the apartment while both women were bleeding profusely. Gilani required surgery for a collapsed lung, resulting from one of her stab wounds. Lloyd was given 40 stitches as a result of defendant's biting her. Both women were hospitalized.

On December 3, 1985, defendant entered a guilty plea to two counts of attempted murder, in exchange for the State's agreement to recommend a six-year prison term. The underlying factual basis for the plea was established by stipulation. Defense counsel related the terms of the plea bargain and stated his understanding that the court

would accept the recommendation. The court noted the State's indication in conference that the crimes were heinous and brutal, thus qualifying for extended term and a sentence of up to 60 years' imprisonment. A Supreme Court Rule 402 admonition by the court then followed (107 Ill. 2d R. 402), and defendant asserted that he understood and agreed to the procedure and consequences.

Defendant thereafter requested a stay of the mittimus for two days and the attorneys and the court discussed the possible consequences of defendant's failure to appear for sentencing:

"MR. BRODHAY [a prosecutor]: For the record, the State would be objecting to the stay of mittimus. However, [if] your Honor does allow him to stay out until Thursday, the State would ask that sentencing be delayed until Thursday and the plea be taken today, with the understanding that [defendant] be admonished as to his failure to appear in court and the consequences thereof.

MR. DECKER [defense counsel]: We would have no objection to that. And I have informed [defendant] also, should, for some inexplicable reason, his return Thursday is delayed, the Court could have jurisdiction in sentencing him up to 30 years for each count of the information.

\* \* \*

THE COURT: The possible consequence being, Mr. Hayes, that if you are not back here on Thursday, you could be sentenced to something in excess of what has been agreed to between the State and your attorney.

You understand that?

THE DEFENDANT: Yes, I do."

The court then accepted defendant's guilty plea and set the sentencing hearing for two days later.

On December 5, 1985, defendant failed to appear in court, having exited his parents' car as his father was driving him to court. The circuit court issued a warrant for his arrest and continued the sentencing hearing for an additional five days.

On December 10, 1985, when defendant again failed to appear, the court held the sentencing hearing *in absentia.* In aggravation, the State pointed to the victims' serious injuries and defendant's failure to appear. The State sought a 30-year prison term, arguing its previous recommendation was "no longer valid as the defendant was warned." Defense counsel stressed the 24-year-old defendant's youth, lack of a prior criminal record, lack of malice, and church activities in seeking the minimum six-year sentence. The court commented that

defendant by his absence had failed to abide by the conditions of the plea agreement and noted the seriousness of defendant's actions. The court then imposed a 12-year prison sentence, denying any attempt to penalize defendant.

On January 2, 1986, defense counsel filed a motion to grant defendant a new trial and to vacate the plea, asserting the sentence was excessive and the guilty plea did not constitute an intelligent waiver of rights. On January 27, 1986, the circuit court denied that motion.

After defendant's subsequent arrest in California and his waiver of extradition, he appeared before the court on February 20, 1986, and made an oral motion for a new sentencing hearing, contending that emotional problems, due to his fear of being sentenced to jail, brought about his absence. (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(e).) Defendant testified that his fear of incarceration caused him not to appear on December 5, 1985, that he voluntarily went to California, that he sought church counseling there but was not hospitalized or treated by a doctor. On February 20, 1986, the circuit court denied the motion for a new sentencing hearing. The court stated the sentence was imposed because of the seriousness of the offense, not as a punishment for defendant's absence. Defendant appeals.

I

Defendant first asserts the circuit court erred in denying his statutory right to a new sentencing hearing when extreme psychological and emotional stress, fear of going to prison, resulted in his absence from sentencing and his flight to California. Defendant claims that his previously peaceable life indicates his crimes resulted from mental illness and fear of imprisonment made this illness worse.

■■ A defendant sentenced *in absentia*, as here, is entitled to a new sentencing hearing if he establishes his failure to appear previously was both not his fault and caused by circumstances beyond his control. (Ill. Rev. Stat. 1985, ch. 38, par. 115—4.1(e).) The burden is on defendant to establish both these required factors. *People v. Morrison* (1985), 137 Ill. App. 3d 171, 183, 484 N.E.2d 329; *People v. Brown* (1984), 121 Ill. App. 3d 776, 780, 459 N.E.2d 1175.

■ Upon his return in the case *sub judice*, defendant testified that fear of incarceration made him fail to appear for sentencing, but not that he was suffering from extreme psychological or emotional stress or mental illness. No doctor or psychologist testified concerning defendant's mental condition at the time of the sentencing hearing. On cross-examination, defendant stated he voluntarily left the car on

the way to the sentencing hearing and went to California. Defendant knew his sentencing hearing was scheduled for December 5.

The evidence actually presented shows little more than ordinary, normal human aversion to going to prison. Defendant has not proved that his absence was not his fault or that it was due to circumstances beyond his control.

## II

■ Defendant next contends his sentence was excessive and vindictive and ignored his potential for rehabilitation. Defendant points to his work history, including a job as a church music teacher, and to the doubling of the sentence proposed in the plea agreement.

The sentence given defendant was within the statutory range of 6 to 30 years for a person convicted of a Class X felony. (Ill. Rev. Stat. 1983, ch. 38, pars. 8—4(c)(1), 1005—8—1(a)(3).) Both victims were seriously injured by multiple stab wounds and both required hospitalization. It is not the prerogative of a reviewing court to modify a sentence as an act of clemency. (*People v. Hamilton* (1987), 155 Ill. App. 3d 555, 562, 508 N.E.2d 385; *People v. Bergman* (1984), 121 Ill. App. 3d 100, 110, 458 N.E.2d 1370.) Great weight must be given the judgment of the circuit court in evaluating the appropriateness of punishment. (*People v. Godinez* (1982), 91 Ill. 2d 47, 55, 434 N.E.2d 1121; *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882.) A sentence should not be altered absent an abuse of discretion. (*People v. Hicks* (1984), 101 Ill. 2d 366, 375, 462 N.E.2d 473.) We find no abuse of discretion at bar.

## III

■ The State invites our attention to the apparently adverse authority of *People v. Robinson* (1978), 66 Ill. App. 3d 601, 384 N.E.2d 420, which it endeavors to distinguish. Defendant filed no reply brief in opposition thereto.

In *Robinson,* a defendant pleaded guilty to attempted murder, armed robbery and aggravated battery in return for the State's agreeing to recommend concurrent sentences of four to eight years for attempted murder and two to eight years for the other offenses. The court conditionally concurred, subject to the aggravation and mitigation hearing, and informed defendant he could receive a longer prison term for failure to appear at sentencing. After defendant failed to appear, the State changed its recommendation to two 6- to 18-year terms and one 3- to 10-year term and the court sentenced defendant *in absentia* accordingly. *People v. Robinson* (1978), 66 Ill. App. 3d

601, 602-03, 384 N.E.2d 420.

The reviewing court in *Robinson* held that the State's new recommendation breached the plea agreement, rendering defendant's plea involuntary. Concluding that the voluntariness of a plea is measured only by the agreement between the State and defendant, the *Robinson* court found the trial judge's admonition concerning defendant's absence insufficient to prevent a due process violation. *People v. Robinson* (1978), 66 Ill. App. 3d 601, 603-05, 384 N.E.2d 420; see *Santobello v. New York* (1971), 404 U.S. 257, 262-63, 30 L. Ed. 2d 427, 433, 92 S. Ct. 495, 499.

The actual weight given the State's recommendation by the circuit court is not as important as defendant's belief that the court would have considered the State's recommendation, which is decisive. (*People v. Mitchell* (1970), 46 Ill. 2d 133, 134, 262 N.E.2d 915; *People v. Robinson*, 66 Ill. App. 3d 601, 604-05, 384 N.E.2d 420.) A crucial difference, however, between the facts in *Robinson* and the present case is the participation by the attorneys, at bar, in warning defendant of the consequences of failing to appear for sentencing. Here, in open court, defense counsel advised defendant that failure to appear for sentencing could result in an enlarged sentence and the prosecutor requested the court to so admonish him, which the court did. The plea bargain in its final form, then, as presented in open court, included within its terms the condition that defendant appear at sentencing.

■ Here, defendant was fully apprised of the consequences of his plea. The attorneys on both sides called his attention to potential repercussions should he fail to appear for sentencing. The circuit court therefore also so informed him in response to the attorneys' agreement. By his absence at sentencing, defendant failed to fulfill an important part of his plea bargain as presented in open court. Only when defendant is not fairly apprised of the consequences can his guilty plea be challenged under the due process clause. (*Mabry v. Johnson* (1984), 467 U.S. 504, 509, 81 L. Ed. 2d 437, 443, 104 S. Ct. 2543, 2547.) Defendants, too, must fulfill all the terms of their negotiated agreements. *People v. Saunders* (1985), 135 Ill. App. 3d 594, 602, 482 N.E.2d 85.

■ Other jurisdictions recently have come to the same conclusion, where defendants had full knowledge of the consequences of a failure to appear and when such an eventuality was covered in the plea agreement. (*People v. Dodson* (1985), 114 A.D.2d 421, 494 N.Y.S.2d 339; *People v. Adams* (1986), 131 Misc. 2d 308, 309-11, 499 N.Y.S.2d 1007, 1008-09; *McGarry v. State* (Fla. App. 1985), 471 So. 2d 615; see *State v. Holman* (Ala. 1986), 486 So. 2d 500, 503-04.) This is not a

case of nonwilful failure to appear for sentencing. (See *Johnson v. State* (Fla. App. 1987), 501 So. 2d 158, 160-61.) Here, the provision for a stiffer sentence if defendant failed to appear became an integral part of the plea agreement, was clearly communicated to and understood by defendant at the time of the plea, compensated for defendant's legitimate benefit in remaining at liberty until sentencing, and came about by agreement of the attorneys, rather than through judicial vindictiveness. *People v. Adams* (1986), 131 Misc. 2d 308, 312-13, 499 N.Y.S.2d 1007, 1010.

For the foregoing reasons, the judgment of the circuit court must be affirmed.

Affirmed.

STAMOS and BILANDIC, JJ., concur.