THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. STACIE ROSSMAN, Defendant-Appellant.

Fourth District    No. 4—99—0043

Opinion filed January 7, 2000.

Daniel D. Yuhas and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GARMAN delivered the opinion of the court:

Defendant Stacie Rossman appeals an order of the circuit court of Champaign County denying her motion to reconsider sentence. We vacate and remand.

Defendant was charged by Illinois citation and complaint (citation) with two counts of driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(1), (a)(2) (West 1996)). On May 26, 1998, a plea agreement was presented to the circuit court, whereby defendant agreed to (1) plead guilty to count II; (2) obtain a substance abuse evaluation and comply with any recommended course of treatment; (3) be sentenced to 12 months' conditional discharge, conditioned upon 120 days' confinement in the county jail, with an initial period of 20 days to be served; and (4) pay a $100 fine and court costs. In return, the State agreed to dismiss count I of the citation and dismiss an unrelated DUI case against defendant.

At the guilty plea hearing, defendant and two other defendants with unrelated DUI cases appeared. In addressing all defendants, the trial court stated:

> "THE COURT: Have there been plea agreements in the case of [defendant]?
>
> [DEFENSE COUNSEL]: Yes, your Honor. She'll be pleading guilty in [No.] 98—DT—147. In exchange for that plea, [No.] 98—DT—152 will be dismissed and the bench warrant pending in that matter be quashed. The sentence in [No.] 98—DT—147 would be 12 months['] conditional discharge, she'd have to obtain a substance abuse evaluation, comply with any recommended course of treatment. Sentenced to jail for 120 days with an initial, up-front period of time of 20 days. A $100.00 fine and court costs.
>
> THE COURT: [Defendant], did you hear the plea agreement your lawyer just stated?
>
> [DEFENDANT]: Yes, I did.
>
> THE COURT: Is that your plea agreement?
>
> [DEFENDANT]: (Unintelligible).
>
> THE COURT: Has anyone promised you anything different, [defendant], from what I've just heard in this courtroom—
>
> [DEFENDANT]: No—
>
> THE COURT: —to get you to come here and plead guilty?
>
> [DEFENDANT]: No.
>
> (PROCEEDINGS REGARDING OTHER DEFENDANTS NOT TRANSCRIBED).
>
> THE COURT: [Defendant], do you now plead guilty to driving under the influence in [c]ount I of [No.] 98—DT—147?
>
> [DEFENDANT]: Yes.
>
> THE COURT: In each of these matters the record should reflect

the [d]efendants have been advised of their rights; knowingly, intelligently[,] and voluntarily waive those rights. The offers to plead guilty are made voluntarily. There's a factual basis for the offers to plead guilty. Based on those findings, the offers are accepted. And the plea agreements are conditionally accepted. What this means is this. I'm going to conditionally concur in the negotiations of the parties, but that is conditioned upon each of you obtaining an alcohol use evaluation from a licensed evaluator and bringing that to court with you. ***

Mr. Rosa [one of the other defendants], this is a sentencing hearing date. If you are not here then, on June the 30th, it is possible I could sentence you without you being here, only this time the sentence could be anything up to 364 days in jail, because there wouldn't be a plea agreement anymore if you don't show up, okay. So, number one, make sure you're here. Number two, have the evaluation and all should go well for you. ***

\* \* \*

[Defendant], I'll be setting your matter for June the 26th at 4:00 o'clock, and you have the same instructions in your case."

On June 26, 1998, defendant appeared before the trial court and the sentencing hearing was continued to July 20, 1998. The court addressed defendant personally and advised her that if she did not appear at the continued hearing, she could be sentenced in her absence to as much as 364 days in jail.

Defendant did not appear on the continued date for sentencing. The record contains no transcript or bystander's report (166 Ill. 2d R. 323(c)) of this hearing. A docket entry for that date indicates that, over defense counsel's objection, defendant was sentenced *in absentia* to a term of 364 days in jail. A warrant for defendant's arrest was issued and bond set in the amount of $25,000. The unrelated DUI case was dismissed.

On July 31, 1998, defense counsel filed a motion to reconsider sentence, alleging that (1) the jail sentence was excessive and improper as no evidence was heard as to aggravating or mitigating factors and (2) the trial court should not have given defendant the maximum jail sentence simply because she did not appear at the sentencing hearing. The docket sheet shows that defendant appeared before the court on December 11, 1998, pursuant to the arrest warrant. Defendant was ordered to begin serving her sentence. Count I of the citation was dismissed. A supplemental motion to reconsider sentence was filed on December 15, 1998, alleging that (1) counsel had been unable to examine a transcript of the sentencing hearing because the tape recording was blank and (2) the trial court failed to consider several listed mitigating factors.

A hearing on both motions was held on December 16, 1998. The trial court denied the motions, noting that defendant was clearly admonished on June 26, 1998, that if she failed to appear for sentencing, the plea agreement would no longer exist and she could be sentenced *in absentia* to a maximum of 364 days in jail. This appeal followed.

█ Defendant argues on appeal that by sentencing her to the maximum jail sentence, the trial court in effect withdrew its concurrence in the plea agreement. Once the court did so, its jurisdiction was limited under Supreme Court Rule 402(d)(2) (177 Ill. 2d R. 402(d)(2)) solely to allowing defendant to affirm or withdraw her guilty plea. Thus, according to defendant, she is entitled to have her guilty plea and sentence vacated and the cause remanded to require compliance with the rule. Rule 402(d)(2) allows a trial judge to concur or conditionally concur in a plea agreement and sets forth procedures to be followed. If the defendant pleads guilty and the trial judge later withdraws the concurrence or conditional concurrence, the judge must advise the parties and call upon the defendant to either affirm or withdraw the guilty plea. If the defendant withdraws the plea, the trial judge must recuse himself.

Defendant relies on *People v. Robinson*, 66 Ill. App. 3d 601, 384 N.E.2d 420 (1978), in which defendant appealed the dismissal of his postconviction petition. Defendant had entered into a plea agreement whereby the State agreed to recommend concurrent sentences of four to eight years for attempt (murder) and sentences of two to eight years for armed robbery and aggravated battery. The trial court indicated its conditional concurrence depending upon the results of the aggravation and mitigation hearing. Afterward, the trial court told defendant that if he failed to appear for sentencing, the court could sentence him *in absentia* "for four to any number of years." 66 Ill. App. 3d at 602, 384 N.E.2d at 422. Defendant failed to appear, a warrant was issued, and the hearing was continued. When defendant did not appear on the continued date, the prosecutor recommended a much higher sentence. After hearing argument in mitigation by defense counsel and considering the presentence report, the trial court followed the prosecutor's recommendation. The defendant then filed his postconviction petition. *Robinson*, 66 Ill. App. 3d at 603, 384 N.E.2d at 422-23.

On appeal, the defendant argued that (1) the prosecutor breached the plea agreement, thus rendering his guilty plea involuntary, and (2) defendant was entitled to withdraw his guilty plea pursuant to Rule 402(d)(2). He argued that the trial court concurred in the plea agreement and the admonition concerning appearing for the sentencing

hearing was a condition of the concurrence. The lengthier sentences were, in effect, a withdrawal of the conditional concurrence, which required that defendant be given the opportunity to withdraw his guilty plea after he was eventually apprehended. *Robinson*, 66 Ill. App. 3d at 605, 384 N.E.2d at 424.

As to the second argument, the First District Appellate Court rejected the State's contention that defendant, by his absence, waived his right to withdraw his plea under Rule 402(d)(2). The court noted that a waiver of the right to withdraw a guilty plea must be shown by clear and unequivocal evidence. *Robinson*, 66 Ill. App. 3d at 606, 384 N.E.2d at 425. The State offered no proof that the defendant knew he had the right to withdraw his plea under Rule 402(d)(2), and the record did not show any such knowledge. The appellate court also rejected the State's argument that the rule should not be construed in such a manner as to require the trial court to continue the case until the defendant was apprehended, thus allowing the defendant to bring the judicial process to a halt by his wilful absence. The court stated the only alternatives were to impose the sentence agreed upon or continue the matter until the defendant is given the opportunity to affirm or withdraw his plea of guilty. *Robinson*, 66 Ill. App. 3d at 606-07, 384 N.E.2d at 425-26. The appellate court found that while the rule had been violated, this fact alone did not make defendant's plea involuntary because the record did not show that defendant was aware he had a right to withdraw his plea under the rule. However, the court did find that the State had breached the plea agreement by recommending higher sentences and this did render the plea involuntary. *Robinson*, 66 Ill. App. 3d at 607, 384 N.E.2d at 425-26.

■ The State correctly argues in the instant case that defendant has waived her arguments on appeal because she failed to raise them in her motion and supplemental motion to reconsider sentence. 145 Ill. 2d R. 604(d); *People v. Clark*, 276 Ill. App. 3d 1002, 1004, 659 N.E.2d 421, 423 (1995). We will, however, address defendant's argument on its merits under the plain error doctrine. Plain error exists only when the substantial rights of the defendant are affected or the evidence is closely balanced. *People v. Griffiths*, 112 Ill. App. 3d 322, 326, 445 N.E.2d 521, 526 (1983).

The State argues on the merits that the trial court's concurrence in the plea agreement was conditional upon defendant appearing at the sentencing hearing. Thus, because defendant failed to appear at the sentencing hearing, she breached the plea agreement and the trial court was no longer bound thereby. The State relies on *People v. Culp*, 127 Ill. App. 3d 916, 468 N.E.2d 1328 (1984), in which the defendant entered a negotiated plea in return for dismissal of other charges and

concurrent sentences with a ceiling of 15 years' imprisonment. The trial court concurred in the plea agreement and did not mention any other sentencing options except the 15-year ceiling on the prison sentences. At sentencing, the trial court ordered defendant to pay restitution in the amount of $7,000. The defendant filed a petition for postconviction relief, which was dismissed. On appeal, this court reversed, finding that the trial court gave the appearance of concurring in the plea agreement and admonished defendant of the maximum sentences only in terms of imprisonment and fines. Thus, these were the only sentencing options available to the court. *Culp*, 127 Ill. App. 3d at 926, 468 N.E.2d at 1335. This court also stated:

> "By this holding[,] we do not intend the trial courts to be unduly restrained in concurring in the plea agreements brought before them, but, consistent with the intendments of Rule 402, we stress that *in entering a limited concurrence, and reserving unto itself various sentencing options*, the court must specifically state on the record those options which it intends to reserve, and ascertain on the record that the defendant understands the limits of the concurrence—and each and every sentencing option thereby reserved—prior to the entry of his guilty plea." *Culp*, 127 Ill. App. 3d at 926-27, 468 N.E.2d at 1335.

The State also cites *People v. Hayes*, 159 Ill. App. 3d 1048, 513 N.E.2d 68 (1987). There, defendant entered a negotiated plea of guilty to the offense of attempted murder, in exchange for the State's agreement to recommend a six-year prison term. The trial court noted that the crimes had been heinous and brutal, thus qualifying defendant for up to 60 years in prison. It admonished defendant under Rule 402. Defendant requested a stay of the written order of judgment and sentence for two days. The State asked that defendant be admonished concerning the consequences of his failure to appear in court. Defense counsel stated he had informed the defendant that should he not appear for sentencing, the trial court could sentence him to as much as 30 years in prison on each count of the information. The court admonished defendant of this possibility and defendant indicated he understood. The trial court then accepted defendant's guilty plea and set sentencing for two days later. When defendant failed to appear, the trial court issued a warrant for his arrest and continued the hearing for five days. Defendant again failed to appear, and the trial court sentenced him *in absentia* to 12 years in prison. After defendant was arrested in another state and waived extradition, he appeared before the trial court and made an oral motion for a new sentencing hearing. The court denied the motion. *Hayes*, 159 Ill. App. 3d at 1051, 513 N.E.2d at 70.

The appellate court affirmed, distinguishing the *Robinson* case in the following manner:

"A crucial difference, however, between the facts in *Robinson* and the present case[,] is the participation by the attorneys, at bar, in warning defendant of the consequences of failing to appear for sentencing. Here, in open court, defense counsel advised defendant that failure to appear for sentencing could result in an enlarged sentence and the prosecutor requested the court to so admonish him, which the court did. The plea bargain in its final form, then, as presented in open court, included within its terms the condition that defendant appear at sentencing.

Here, defendant was fully apprised of the consequences of his plea. The attorneys on both sides called his attention to potential repercussions should he fail to appear for sentencing. The circuit court therefore also so informed him in response to the attorneys' agreement. By his absence at sentencing, defendant failed to fulfill an important part of his plea bargain as presented in open court. Only when defendant is not fairly apprised of the consequences can his guilty plea be challenged under the due process clause. [Citation.] Defendants, too, must fulfill all the terms of their negotiated agreements." *Hayes*, 159 Ill. App. 3d at 1053, 513 N.E.2d at 72.

■ We conclude in the instant case that the trial court violated Rule 402(d)(2) by sentencing defendant to a greater sentence than was stipulated in the plea agreement. In doing so, the trial court effectively withdrew its concurrence to the plea agreement between defendant and the State. The rule is clear. As the court stated in *Robinson*, the only alternatives for the trial court at that point were to impose the agreed-upon sentence or continue the hearing and allow defendant to affirm or withdraw her guilty plea at such time as she was brought before the court. We do not agree with the State's argument that the trial court's admonition to defendant concerning a failure to appear for sentencing somehow became part of the plea agreement and, by failing to appear, defendant breached the agreement. A plea agreement is an agreement between the defendant and the State. The trial court is not a party to this agreement. Its only role under Rule 402(d)(2) is to indicate its concurrence or conditional concurrence in the plea agreement. At most, the trial court's statements about appearing for sentencing expressed a condition on its concurrence. Once that concurrence was withdrawn, the trial court was bound to follow the dictates of the rule.

Although the trial court must comply with Rule 402(d)(2), it is not without recourse when a defendant fails to appear for sentencing. In addition to having her plea vacated, a defendant who fails to appear would be subject to a bail bond violation (720 ILCS 5/32—10(a) (West 1998)) and/or contempt of court proceedings (720 ILCS 5/1—3 (West 1998)). If convicted of a bail bond violation, the defendant would face consecutive sentencing (720 ILCS 5/32—10(d) (West 1998)).

In reaching our conclusion, we do not repudiate the statement cited by the State in our decision in *Culp*. There, we emphasized, albeit in *dicta*, that *prior* to the entry of a negotiated guilty plea, the trial court must specifically state on the record any conditions on its concurrence in the agreement, and it must ascertain that the defendant understands the limits of the concurrence. Defendant here entered her guilty plea and the trial court indicated its concurrence prior to any admonition about appearing for sentencing. *Hayes* is distinguishable because, there, the defendant was specifically informed prior to entering his plea that he would have to appear for sentencing if the plea agreement was to be honored. He agreed to this, thus making that condition a part of his plea agreement. In the instant case, the admonition about appearing for sentencing was given after defendant entered her plea, which was based on the plea agreement recited to the court. She did not agree that this condition should be added to her plea agreement. In addition, we note that the admonition was given to all three defendants appearing before the court and, in addressing defendant, the trial court merely stated that she had the same "instructions" as the other defendants. She was not told that this condition had become part of her plea agreement.

The State cites cases from New York and Florida in support of its argument. However, these cases do not support the State's position. In *People v. McDaniels*, 111 A.D.2d 876, 877, 490 N.Y.S.2d 597, 598 (1985), the defendant entered into a plea agreement whereby he would receive prison terms of two to six years for the charged offenses. The trial court "explicitly" told the defendant that a condition of acceptance of the plea was that defendant appear for sentencing and that, if he failed to do so, "all bets are off," the police would pick defendant up, and the court would give him what the court thought he deserved. *McDaniels*, 111 A.D.2d at 876, 490 N.Y.S.2d at 598. When defendant failed to appear, the trial court imposed longer sentences.

In *Burgess v. State*, 691 So. 2d 607, 607-08 (Fla. App. 1997), the defendant signed a "petition" to enter a no contest plea to certain offenses. The trial court wrote on the petition that if defendant committed a new crime prior to sentencing or failed to appear for sentencing, he could be sentenced to the statutory maximum. The court reemphasized those conditions to defendant at the no contest plea hearing. The defendant failed to appear, and a bench warrant was issued for his arrest. When defendant appeared before the trial court, he claimed he did not understand that he could get the maximum sentence if he failed to appear. The trial court rejected that argument and sentenced defendant to the maximum prison term.

These cases are distinguishable because in neither case is it

indicated that a rule similar to Rule 402(d)(2) applied. A trial court's conditional concurrence simply informs the defendant under what circumstances the court will go along with the agreement. It does not somehow become part of the agreement itself, unless the defendant explicitly agrees that she will comply with the condition as part of the agreement. To hold otherwise would open the door to all kinds of disputes as to what was or was not part of the plea agreement. In addition, it is important to note that a defendant is entitled to know exactly what she is agreeing to before she changes her plea.

We therefore conclude that the trial court erred in sentencing defendant *in absentia* to the maximum 364 days in jail for her DUI offense. Defendant's conviction and sentence are vacated and the cause remanded to the trial court for compliance with the dictates of Rule 402(d)(2).

Vacated and remanded with directions.

COOK, P.J., and MYERSCOUGH, J., concur.