THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JORGE LOZADA, Defendant-Appellant.

First District (4th Division)    No. 1—99—2810

Opinion filed June 28, 2001.—Rehearing denied July 26, 2001.

Michael J. Pelletier and Ann C. McCallister, both of State Appellate Defender's Office, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, William Toffenetti, and Dean Martinez, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BARTH delivered the opinion of the court:

Defendant, Jorge Lozada, appeals from a sentence imposed *in absentia* following his plea of guilty to a felony offense. Defendant pled guilty to the offense of residential burglary pursuant to a plea agreement in which he was to receive a nine-year sentence. Subsequent to its acceptance of defendant's plea on December 9, 1997, the trial court granted defendant's request that the sentencing hearing be continued to January 6, 1998. The court warned defendant that his presence at the hearing was mandatory and that, should he fail to appear, he would be sentenced to the maximum statutory term of 30 years. The following exchange occurred:

> "THE COURT: As to Mr. Lazado [*sic*], the matter will be continued order of the court to January 6th for sentencing hearing at which time as you've indicated, sir, that the—your request to

have the matter continued until January 6th *** of next year is granted so that you can have time with your family under two conditions. I'm sure your attorney told you. I want to make sure we understand each other. I will grant the request. First of all that you are here on January 6th at 9:30 ready to be remanded and secondly that you understand that this assumes that there are no other violations of law between now and then.

DEFENDANT: Yes.

THE COURT: If you're arrested for anything, that means that all bets are off and I'll reevaluate the situation based on that. If you fail to appear what will happen you've already pled guilty so you'll—You'll be sentenced in your absence. Based on your absence I'll assume that you are not a good candidate for rehabilitation. *** However, if you fail to appear, then I will assume that doesn't hold true and I'll sentence you to 30 years. Once you are apprehended you will be sent to the penitentiary on a 30 year sentence. Fair enough?

DEFENDANT: Yes."

Defendant was not present in court on January 6, nor was he present on January 7, the date to which the matter was continued. On January 7, 1998, the court recalled that defendant had been admonished with respect to the consequences of his failure to appear. The State thereupon presented evidence of defendant's criminal background, which included two felony convictions in 1987 for residential burglary and, in 1993, two additional convictions for residential burglary. The court then sentenced defendant *in absentia* to 20 years in the Illinois Department of Corrections.

Defendant was later arrested on a warrant and was brought before the court on April 20, 1999. Defense counsel's oral motion to reconsider sentence was denied on that date.[1]

On May 13, 1999, defendant filed a *pro se* motion to withdraw his guilty plea. This motion was denied on July 7, 1999, because the court found that the motion was untimely filed.

On July 21, 1999, defendant filed a *pro se* notice of appeal in which he purported to appeal from the judgment of July 7, 1999, and requested that the office of the State Appellate Defender be appointed to represent him.

The State has filed a motion to dismiss the appeal, which has been taken with the case.

We are asked to consider the following issues: (1) whether the trial court's failure to afford defendant the opportunity to withdraw his

---

[1]Counsel stated that defendant's failure to appear for sentencing was the result of "some family difficulties." Counsel did not elaborate.

plea as provided in Rule 402(d)(2) (177 Ill. 2d R. 402(d)(2)) requires that his sentence and conviction be vacated and the cause remanded for compliance with the rule; (2) whether defendant's waiver of a presentence investigation report was invalid where the court ultimately imposed a sentence *in absentia* that was greater than the sentence to which the parties had earlier agreed, necessitating remand for a new sentencing hearing; and (3) whether the trial court erred in denying defendant's motion to withdraw his guilty plea and vacate his sentence on the basis that it was not timely filed.

●1 We turn first to the question, whether the trial court's failure to afford defendant the opportunity to withdraw his guilty plea as provided in Rule 402(d)(2) requires that his conviction and sentence be vacated and the cause remanded for compliance with the rule. Whether a supreme court rule has been violated is a question of law, for which the standard of review is *de novo. People v. Walker*, 308 Ill. App. 3d 435, 438 (1999).

●2 Rule 402(d)(2) sets forth the procedures to be followed when a trial judge concurs or conditionally concurs in a plea agreement. Under the rule, if a defendant pleads guilty and the trial court later withdraws its concurrence or conditional concurrence, the court must advise the parties and call upon the defendant to either affirm or withdraw the guilty plea. 177 Ill. 2d. R. 402(d)(2). In this case, after admonishing defendant pursuant to Rules 402(a), (b) and (c), the trial court accepted defendant's plea and agreed to the imposition of a nine-year prison sentence. Subsequently, the court heard defendant's request that the sentencing hearing be continued to a later date, so that he could spend the Christmas holidays with his family. The court granted this request with the understanding that if defendant failed to appear at the January 6 sentencing hearing, or committed any crimes in the interim, he would receive the maximum penalty allowable by statute (30 years). Defendant indicated his understanding and agreement with those conditions to his release on bond, but did not appear on January 6. On January 7, he was sentenced *in absentia* to a term of 20 years, although he had pled guilty in exchange for a sentence of nine years.

Defendant relies heavily on *People v. Rossman*, 309 Ill. App. 3d 662 (2000), in support of his request for remand. In *Rossman*, this court found that the trial court must specifically state any conditions to its acceptance of a guilty plea agreement prior to the entry of that agreement. *Rossman*, 309 Ill. App. 3d at 669; *People v. Culp*, 127 Ill. App. 3d 916, 926-27 (1984). The defendant in that case entered a negotiated plea of guilty in exchange for a specific sentence. Subsequent to accepting that plea, the court admonished the defendant that

her presence at the sentencing hearing was required and that if she failed to appear she risked receiving a longer sentence than the one stipulated in the plea agreement. The defendant failed to appear and was given a sentence greater than the one negotiated. She filed a motion to reconsider the sentence, which was denied. On appeal, this court found that the trial court's condition was merely a condition on its acceptance and not a condition on the agreement itself. *Rossman*, 309 Ill. App. 3d at 668.

This court held that before a plea agreement is entered, the defendant must understand any conditions to the court's concurrence and to what extent those conditions limit the court's concurrence, and must consent to the condition being made part of the agreement. *Rossman*, 309 Ill. App. 3d at 669. If these requirements are not met, the condition is not made part of the negotiated plea agreement and any change in sentence due to the violation of a condition is considered a withdrawal of the court's concurrence. *Rossman*, 309 Ill. App. 3d at 668.

If the court withdraws its concurrence, it has only two options pursuant to Supreme Court Rule 402(d)(2): (1) to impose the agreed-upon sentence, or (2) to continue the hearing and allow defendant to affirm or withdraw his guilty plea. 177 Ill. 2d R. 402(d)(2).

As in *Rossman*, the plea in the instant case was clearly accepted *prior* to the court's warning with respect to defendant's return for the sentencing hearing.[2] Defendant does not, nor could he, dispute that the trial court had the authority to impose a lengthier sentence following defendant's absence (see, *e.g.*, *People v. Smith*, 288 Ill. App. 3d 308, 313 (1997); *People v. Russell*, 237 Ill. App. 3d 310, 312 (1992)). Nevertheless, he asserts, since the trial court reneged on its part of the "bargain," the court was required by Rule 402 to honor its own admonition that "all bets [would be] off," *i.e.*, the court should have allowed defendant to withdraw his plea. See *People v. Evans*, 174 Ill. 2d 320, 332 (1996) (contract law principles dictate the nature of plea

---

[2]We note that the State cites *People v. Hayes*, 159 Ill. App. 3d 1048 (1987), in an attempt to distinguish *Rossman* from the instant case. In *Hayes*, the court concluded that the trial court's admonishment regarding defendant's presence at sentencing was made part of the defendant's plea agreement. As a result, the change in his sentence after he did not appear at sentencing did not violate Rule 402(d). In *Hayes*, however, the defendant was specifically informed by his own counsel and the assistant State's Attorney prior to entering his plea that the agreement would be conditional upon his appearing for sentencing. Here, as in *Rossman*, the discussion concerning defendant's appearance at his sentencing hearing took place subsequent to the court's concurrence in the plea.

agreements, and "the guilty plea and the sentence 'go hand in hand' as material elements of the plea bargain").

The State argues that defendant's appeal should be dismissed because notice of the appeal was untimely filed.

●3 Pursuant to Supreme Court Rule 604(d), a defendant who has entered a plea of guilty may file in the trial court a motion to reconsider sentence and to withdraw his guilty plea. In the event that a Rule 604(d) motion is denied, a defendant has 30 days from the date of that denial in which to file an appeal. 145 Ill. 2d R. 604(d).

The State directs our attention to *People v. Woolridge*, 292 Ill. App. 3d 788 (1997). In *Woolridge*, the defendant pled guilty to driving under the influence, then failed to appear at his sentencing hearing. Months later, he was arrested on a warrant and brought before the court. *Woolridge*, 292 Ill. App. 3d at 791. On that date, he was advised by the court that a motion to withdraw or vacate his guilty plea or to reconsider sentence would have had to have been filed within 30 days of the imposition of his sentence (pursuant to Rule 604(d)). Defense counsel argued that, because defendant had not been so admonished at his sentencing hearing (as required under Rule 605(b)),[3] the time limit in which a motion to reconsider could be filed should not begin to run until the date on which defendant first appeared in court following sentencing. A motion to reconsider sentence was then filed and was denied as untimely. *Woolridge*, 292 Ill. App. 3d at 789-90.

●4 On appeal, this court affirmed, ruling that a defendant who fails to appear for sentencing, is arrested on a warrant, and is brought before the court several months after sentence has been imposed is not entitled to have the 30-day appeal period begin to run anew. *Woolridge*, 292 Ill. App. 3d at 791. We concluded that a defendant who is sentenced *in absentia* and fails to comply with the requirements of Rule 604(d) is limited to the mechanism contained in section 114—4.1(e) of the Code of Criminal Procedure of 1963 (725 ILCS 5/114—4.1(e) (West 1998)) to obtain review of the sentence.

We conclude that the language contained in Rule 604(d), coupled with the holding in *Woolridge*, requires this court to find that defendant has failed to comply with Rule 604(d), and thus his *pro se* motion to reconsider sentence (filed May 13, 1999) was properly dismissed by the trial court as having been untimely filed. Therefore this court is not vested with jurisdiction over this appeal by virtue of Rule 604(d).

The holding in *Rossman* does not suggest a different result. In *Rossman*, the defendant was sentenced on July 20, 1998, and a motion

---

[3]Rule 605(b) requires that "at the time of imposing sentence, the trial court shall advise the defendant" of his appeal rights. 145 Ill. 2d R. 605(b).

to reconsider that sentence was filed on July 31. Hence, compliance with Rule 604(d) was not an issue.

•5 We next consider whether this court has jurisdiction over this appeal pursuant to section 115—4.1(e).

That statute provides, in relevant part:

> "(e) When a defendant who in his absence has been either convicted or sentenced or both convicted and sentenced appears before the court, he must be granted a new trial or sentencing hearing if the defendant can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control. A hearing with notice to the State's Attorney on the defendant's request for a new trial or a new sentencing hearing must be held before any such request may be granted. At any such hearing both the defendant and the State may present evidence." 725 ILCS 5/115—4.1(e) (West 1998).

•6 Although defendant does not specifically argue that section 115—4 forms a basis for jurisdiction in this case, in light of the fact that relief under Rule 604(d) is precluded, his only recourse, for purposes of this appeal, lies there. Section 115—4.1 allows a defendant to be sentenced *in absentia* (725 ILCS 5/115—4.1(c) (West 1998)). It also creates a mechanism for him to obtain review of his sentence, despite the expiration of the 30-day appeal period under Rule 604(d), if he "can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control." 725 ILCS 5/115—4.1(e) (West 1998).

As the language of subsection (e) indicates, the time for presenting a motion invoking its provisions is when a defendant who has absented himself "appears before the court." In this case, that date was April 20, 1999, and on that date, defense counsel made an oral motion to reconsider sentence. Counsel added, without explicit reliance on section 115—4.1, that defendant had been absent for his sentencing hearing due to "family difficulties." The trial court denied the motion to reconsider, thus triggering the 30-day period in which to file a notice of appeal therefrom. See *People v. Williams*, 274 Ill. App. 3d 793, 798 (1995); 725 ILCS 5/115—4.1(g) (West 1998); 134 Ill. 2d R. 606(b). Thus, even assuming the April 20 motion was brought pursuant to section 115—4.1(e), defendant was required to file a notice of appeal from its denial on or before May 20, 1999.

Instead, defendant filed, on May 13, 1999, a motion to withdraw his guilty plea.

Therefore, because defendant failed to file an appeal from the ruling denying his section 115—4.1(e) motion within 30 days of its entry, that section cannot form the jurisdictional basis for this appeal.

## Conclusion

Rule 604(d) allows a defendant 30 days from the imposition of a final judgment (the sentence, in a criminal case) in which to appeal. Defendant did not appear in court until nearly 1½ years after sentence was imposed. Rule 604(d) therefore does not apply. Section 115—4.1(e) provides no relief to defendant either, since it too requires that an appeal be taken within 30 days. Instead of perfecting an appeal within that time frame, defendant filed in the circuit court an additional motion to reconsider sentence or alternatively to withdraw his plea of guilty. Defendant thereby forfeited his right to the means of direct review provided by law.

Based on the foregoing, we grant the State's motion to dismiss.[4]

Appeal dismissed.

HOFFMAN and SOUTH, JJ., concur.

---

[4]In light of our conclusion with respect to jurisdiction, we decline to consider defendant's argument with respect to section 5—3—1 of the Unified Code of Corrections (730 ILCS 5/5—3—1 (West 1998)).