THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DANNY STARK, Defendant-Appellant.

Fifth District   No. 82—514

Opinion filed January 12, 1984.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

John Baricevic, State's Attorney, of Belleville (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

Defendant was convicted in the circuit court of St. Clair County of six counts of theft over $150 and was sentenced to eight years in

the Department of Corrections. The conviction and sentence occurred *in absentia*. Defendant's trial counsel caused a timely notice of appeal to be filed on August 30, 1982, and the State Appellate Defender was appointed to represent him on appeal. Defendant subsequently has been placed in the custody of the Department of Corrections and is presently serving out his sentence and actively participating in this appeal.

The State moves to dismiss the appeal because there is no affirmative showing of record that defendant desires to appeal from the conviction and sentence, particularly where there is no showing of record that trial counsel conferred with defendant subsequent to the trial and sentencing to ascertain whether defendant desired an appeal. In addition, the State contends that defendant did not follow the appropriate procedure under section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1) which the State believes governs an appeal of a judgment entered on a conviction or sentence obtained *in absentia*.

The defendant objects to the factual and legal issues raised in the State's motion contending that no affirmative showing of his intention to appeal is required to validate the appeal and section 115—4.1 does not establish the sole procedure for appealing the merits of a conviction and sentence obtained *in absentia*.

■ With respect to the question of whether defense counsel improperly filed a notice of appeal prior to consulting with defendant, there is no statutory or case law advanced by the State, nor has our research disclosed any, which establishes that consultation between counsel and defendant or an affirmative showing of a desire on defendant's part prior to the filing of a notice that he desires to appeal from an adverse criminal judgment is a condition precedent to filing the notice. Considering the nature of counsel's representative role, wherein he must exercise his professional judgment in legal matters so as to advance his client's cause, it would seem reasonable that his filing a notice of appeal predicated upon perceived trial errors would be a necessary extension of this representative role. Just as defendant's prior approval is not required before counsel validly exercises professional judgment in matters of trial tactics, so too is such prior approval unnecessary when counsel exercises professional judgment and files a notice of appeal. If this is not what defendant wishes, the remedy is for him to withdraw the otherwise valid appeal.

■ Attached to defendant's objection to the motion to dismiss appeal is an affidavit of Lawrence Bapst, who is the assistant appellate defender representing defendant in this cause. In the affidavit Bapst

avers that on September 21, 1983, at Menard Correctional Center he discussed with defendant the issues to be raised on appeal. Bapst further avers that defendant is interested in appealing the conviction and sentence. Also attached to the objection is a copy of a letter from defendant to Randy Blue, a deputy appellate defender, dated September 1, 1983, in which defendant inquires as to the status of the appeal and the preparation and filing of the record and requests that an investigator from the office visit with him at Menard. We find that the affidavit and letter are ample evidence of defendant's desire to prosecute this appeal.

■ Turning to the procedural issue raised by the State, section 115—4.1(e) sets forth a mechanism whereby a proper excuse for defendant's failure to appear at trial or sentencing serves as an additional ground for obtaining a new trial or sentencing hearing apart from any assignments of error pertaining to the conduct of those proceedings. Paragraph (g) provides:

> "(g) A defendant whose motion under paragraph (e) for a new trial or new sentencing hearing has been denied *may* file a notice of appeal therefrom. Such notice *may* also include a request for review of the judgment and sentence not vacated by the trial court." (Emphasis added.) Ill. Rev. Stat. 1981, ch. 38, par. 115—4.1(g).

It is apparent that the statutory scheme outlined above merely provides defendant with an additional means of securing a new trial. The last sentence in paragraph (g) is a device to enable defendant to consolidate into one appeal the denial of his motion for new trial or new sentencing hearing based on a reasonable excuse for being absent from the jurisdiction as well as the denial of any traditional post-trial motion. This statutory scheme was not designed to preempt Supreme Court Rule 606(b) (87 Ill. 2d R. 606(b)), which governs the manner in which criminal appeals from final judgments are perfected. As the requirements of Rule 606(b) were met in this case, the State's motion to dismiss for defendant's failure to adhere to the permissive procedures set forth in section 115—4.1 is not well taken and should be denied.

We grant the State's motion for leave to reply to the objection to its motion to dismiss and consider the reply embodied in the motion.

■ In its reply the State asks what will happen should the defendant be arrested and file a motion for new trial or for new sentencing hearing under section 115—4.1 predicated upon a reasonable excuse for being absent from the jurisdiction. The inference the State wishes the court to draw is that by filing such a motion, defendant continues the criminal litigation. Thus, the State characterizes a judg-

ment entered on a conviction and sentence under these circumstances as interlocutory, because it does not finally dispose of the litigation given defendant's ability to avail himself of the statutory relief provided for in this section. The State concludes that this court is without jurisdiction to entertain the instant appeal, for to do otherwise would be to entertain an improper interlocutory criminal appeal brought by a defendant.

The State offers no direct authority for the proposition that an otherwise final and appealable judgment entered on a conviction and sentence is somehow rendered nonfinal merely because a defendant is tried and sentenced *in absentia*. The case law cited by the State does not address this issue. *People v. Wasilewski* (1978), 66 Ill. App. 3d 1, 383 N.E.2d 31, addresses the appealability of an order denying defendant's motion to suppress evidence; *People v. Culhane* (1975), 34 Ill. App. 3d 158, 340 N.E.2d 63, addresses appealability of an order denying defendant's motion to dismiss murder charges; and *Village of Niles v. Szczesny* (1958), 13 Ill. 2d 45, 147 N.E.2d 371, explores whether the superior court of Cook County may transfer a cause to the appellate court.

As noted earlier, there is no showing that it was the legislature's intention in enacting section 115—4.1 to preempt Rule 606(b), which governs the perfection of an appeal on the merits from a final judgment entered on a criminal conviction and sentence. This section is analogous to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—1401), which permits a civil judgment to be attacked on procedural grounds even though it has become final. Section 115—4.1 merely enables a defendant to receive a new trial or sentencing hearing on the sole ground that his absence from the jurisdiction was excusable. This remedy does not address the merits of the underlying conviction and sentence. Nor should it control the procedures employed for appealing the merits of the conviction or sentence. It is reasonable to assume that had defendant in the instant case waited until his section 115—4.1 motion was disposed of before appealing the underlying judgment, the 30-day period for filing a notice of appeal would have expired and the State would be free to argue that this court is without jurisdiction over the appeal on the merits in the absence of a timely notice of appeal. The last sentence of paragraph (g) of section 115—4.1 recognizes that parallel proceedings may occur when a defendant directly attacks the merits of the conviction or sentence and also files a section 115—4.1 motion. By providing a mechanism for consolidating such proceedings for review upon the filing of a single notice of appeal, the statute by its very terms gives

respect to the vitality of a direct appeal on the merits. Thus, this section does not operate to preempt Rule 606(b).

An additional flaw in the State's contention that the instant judgment is interlocutory concerns what it believes to be the inevitability of a defendant filing a section 115—4.1 motion. There is nothing in the statute stating that such a motion is a condition precedent to an appeal, nor, as a practical matter, is there anything to suggest that a defendant automatically will file such a motion, particularly in instances where no reasonable excuse exists for his not appearing in court.

Finally, the State's position must be rejected on constitutional grounds. In essence, the State argues that a motion for new trial or new sentencing hearing under section 115—4.1 and disposition thereof by the trial court are conditions precedent to a defendant appealing from a judgment entered on a conviction or sentence obtained *in absentia*. Under article VI, section 4(b) of the Illinois Constitution of 1970, the supreme court shall provide by rule for direct appeals of final judgments from the circuit court. (*Hamilton Corp. v. Alexander* (1972), 53 Ill. 2d 175, 290 N.E.2d 589.) In *Hamilton Corp.* the supreme court held unconstitutional a requirement under the forcible entry and detainer act which required the filing of a supercedeas bond within five days of the rendition of judgment before the appeal could be perfected. In so holding, the court observed that the legislature may not impose substantive conditions which qualify or restrict the right to appeal conferred by the Constitution. Inasmuch as article VI, section 6 of our constitution establishes that appeals from final judgments are by right, the State's interpretation of section 115—4.1 would result in the legislature overstepping its constitutional bounds by imposing substantive conditions for appealing from certain final judgments which are otherwise appealable by right. Also see *People ex rel. Stamos v. Jones* (1968), 40 Ill. 2d 62, 237 N.E.2d 495; *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 403 N.E.2d 1036.

■ While it may well be, as the State suggests, that a defendant is given a second bite of the apple when pursuing a motion under section 115—4.1 and, if successful, will undermine an otherwise valid conviction and sentence, this section is in harmony with article I, section 4 of our constitution which confers upon a defendant the right to appear and defend himself in person. Section 115—4.1 is a statutory mechanism to protect this constitutional right. By predicating the granting of a new trial or sentencing hearing exclusively upon defendant's excusable absence from the jurisdiction, it is apparent that the legislature distinguishes between a direct criminal appeal on the mer-

its and an appeal based upon an alleged violation of defendant's right to be present at all criminal proceedings. This section was not intended to set forth the appropriate procedure for appealing from a conviction or sentence obtained *in absentia*; rather, it merely provides an additional means of attacking the conviction or sentence.

For the reasons discussed above, we deny the State's motion to dismiss the appeal of this cause.

Motion to dismiss appeal denied.

KARNS and HARRISON, JJ., concur.