THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RORY L. WOOLRIDGE, Defendant-Appellant.

Fourth District    No. 4—96—0960

Opinion filed October 21, 1997.

Daniel D. Yuhas and Lawrence J. Essig, both of State Appellate Defender's Office, of Springfield, for appellant.

John C. Piland, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and Scott A. Manuel, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GARMAN delivered the opinion of the court:

Defendant Rory L. Woolridge appeals the denial by the circuit court of Champaign County of his motion to reconsider a sentence imposed *in absentia* after he pleaded guilty to driving under the influence (DUI). 625 ILCS 5/11—501(a) (West 1992). He argues that (1) the trial court did not properly admonish him with regard to his right to appeal as required by Supreme Court Rule 605(b) (145 Ill. 2d R. 605(b)), (2) the trial court erred in finding that defendant had waived his right to appeal, and (3) remand is required because his attorney failed to comply with the certification requirements of Supreme Court Rule 604(d) (145 Ill. 2d R. 604(d)). We affirm.

## FACTS

Defendant was arrested on January 28, 1996, and charged with DUI. On April 23, 1996, he pleaded guilty and a date was set for a sentencing hearing. He was advised at that time if he did not appear for the sentencing hearing, he would be sentenced *in absentia*. On May 30, 1996, he failed to appear and was sentenced *in absentia* to serve 364 days in the Champaign County correctional center. No admonishments regarding the right to appeal were given by the trial court at that time.

An arrest warrant was issued the following day and the defendant was subsequently arrested on the warrant on September 11, 1996, in De Witt County. He appeared in the circuit court of Champaign County on September 12, 1996, and was advised of the sentence imposed in his absence. At that time, the trial court admonished defendant of his right to appeal as required by Rule 605(b). He was advised by the court that a motion to withdraw or vacate his guilty plea or a motion to reconsider the sentence would have had to have been filed within 30 days of the imposition of the sentence on May 30, 1996. Defense counsel suggested that because the Rule 605(b) admonishments had not been given at the May 30, 1996, sentencing hearing, the 30-day time limit in which a motion to reconsider could be filed would begin to run as of September 12, 1996.

A motion to reconsider the sentence was filed on October 10, 1996, within 30 days of defendant's appearance but several months after the sentencing hearing. That motion was denied as untimely by the circuit court of Champaign County on December 12, 1996, finding that defendant had also waived his right to direct appeal by failing to make a timely motion for reconsideration. The court advised defendant his only remaining remedy was provided by the statute on proceedings *in absentia*, which allows him to obtain a new sentencing hearing upon proof that his failure to appear was not his fault and was due to circumstances beyond his control. 725 ILCS 5/115—4.1(e) (West 1992). This appeal followed.

## I. ADMONISHMENT UNDER RULE 605(B)

■ Rule 605(b) requires that "at the time of imposing sentence, the trial court shall advise the defendant" of his appeal rights. 145 Ill. 2d R. 605(b). In this case, the sentence of 364 days was imposed on May 30, 1996, at a hearing that the defendant did not attend. At his September court appearance, the sentence was reimposed, according to defendant's brief, or defendant was informed of his sentence, according to the State's brief. Defense counsel suggested at that time that the 30-day period for motions under Rule 604(d) (145 Ill. 2d R. 604(d)) would begin to run at the time the Rule 605(b) admonitions were given, rather than at the time the sentence was initially imposed.

If this argument is correct, the May 30, 1996, sentencing proceeding accomplished nothing—the sentence imposed at that time, in defendant's absence, could not have been enforced unless it were to be "reimposed" and admonitions given to the defendant personally. Under this reading of Rule 605(b), the statute that allows sentencing *in absentia* (725 ILCS 5/115—4.1(a) (West 1992)) is rendered meaningless.

■ We find that sentence was imposed *in absentia* on May 30, 1996, pursuant to statute and, thus, the relevant date for purposes of timeliness of the motion to reconsider is May 30, 1996.

This court has held that failure to properly admonish a defendant under Rule 605(b) is error. *People v. Horton*, 250 Ill. App. 3d 944, 954, 620 N.E.2d 437, 444 (1993). In that case, however, the defendant was present in court for sentencing. The dispositive issue is, therefore, whether Rule 605(b) requires a trial court to advise an absent defendant of his appeal rights. If the admonishment must be given, even in the absence of the defendant, then defendant's argument has merit. If not, appeal was waived by defendant's failure to file his motion to reconsider the sentence within 30 days of May 30,

1996, because Rule 604(d) "makes the filing of a written motion a condition precedent to appeal." *People v. Foster*, 171 Ill. 2d 469, 472, 665 N.E.2d 823, 825 (1996).

Further, the supreme court in *Foster* adopted an "admonition exception" allowing an "appellate court to entertain appeals where trial courts fail to issue Rule 605(b) admonitions, notwithstanding noncompliance with Rule 604(d)'s written-motion requirement." *Foster*, 171 Ill. 2d at 473, 665 N.E.2d at 825. Defendant's argument would extend the admonition exception to cases in which the defendant was not present in court to receive the information imparted by the required admonitions.

■ There are two reasons why the rule announced in *Horton* should not apply to absent defendants and why the admonition exception of *Foster* should not be extended to this case. First, it is well settled that a defendant may waive his constitutional right to be present at every stage of trial and may not thereafter "claim any advantage on account of his absence." *People v. Johnston*, 160 Ill. App. 3d 536, 540, 513 N.E.2d 528, 531 (1987), citing *People v. Owens*, 102 Ill. 2d 145, 157, 464 N.E.2d 252, 258 (1984). A defendant such as Woolridge, who fails to appear for sentencing, is arrested on a warrant, and is brought before the court several months after sentence has been imposed, is not entitled to have the 30-day appeal period begin to run anew. To do so would be to place "defendants who wilfully fail to appear at their sentencing hearings in a better position than those who do appear." *People v. Burcham*, 208 Ill. App. 3d 939, 942, 566 N.E.2d 832, 835 (1991).

Second, it is impossible for a trial court to proceed under the statute in the absence of the defendant and to simultaneously strictly comply with the Rule 605(d) requirement that the court "advise the defendant." The supreme court has said that Rules 402, 604(d), and 605(b) dealing with entry of guilty pleas, postjudgment motions, and admonishments required upon sentencing (134 Ill. 2d R. 402; 145 Ill. 2d Rs. 604(d), 605(b)) are "meant to mesh together not only to insure that defendants' constitutional rights are protected, but also to avoid abuses by defendants." *People v. Wilk*, 124 Ill. 2d 93, 103, 529 N.E.2d 218, 221 (1988). Similarly, the statute concerning proceedings *in absentia* and the supreme court rules regarding guilty pleas must be able to be read together in such a way as to give effect to each. A defendant who does not appear for sentencing and is therefore not present to be advised by the court cannot claim error when the court declines to engage in the ineffective ritual of advising an empty chair.

We find that the trial court properly denied defendant's motion to reconsider sentence as untimely and that the admonition exception does not apply on these facts to create a right of direct appeal.

## II. WAIVER OF APPEAL

■ A defendant who fails to appear for a trial or sentencing hearing, after having been informed that the proceeding would be held even in his absence, waives a number of statutory and constitutional rights. He is unable to confront the witnesses against him. He cannot testify on his own behalf or participate with his attorney in the conduct of his defense. Neither can he benefit from the advice given by the trial court regarding the right to file postjudgment motions or to appeal, whether or not that advice is read into the record.

For the reasons given above, we find defendant's failure to appear at the sentencing hearing constituted waiver of his right to be personally informed of his appeal rights as required by Rule 605(b). As this court has said previously:

> "The law provides the means for a defendant to be heard in order to fully protect his rights at the sentencing hearing, and his wilful failure to appear ought properly to be viewed as a self-inflicted wound." *Burcham*, 208 Ill. App. 3d at 943, 566 N.E.2d at 835.

In addition to providing an opportunity for the defendant to be heard, the law also provides a means for him to be informed of his appeal rights. Waiver of this right to be personally informed is "one additional cost of his wilful failure to appear for trial as directed." *People v. Emery*, 190 Ill. App. 3d 171, 174, 546 N.E.2d 658, 660 (1989).

## III. COMPLIANCE WITH THE CERTIFICATION REQUIREMENTS OF RULE 604(d)

■ Rule 604(d) governs the motion for reconsideration of a sentence imposed upon a plea of guilty. The rule requires the defendant's attorney to "file with the trial court a certificate stating that the attorney has consulted with the defendant ***, has examined the trial court file and report *of proceedings of the plea of guilty*, and has made any amendments to the motion necessary for adequate presentation of any defect in those proceedings." (Emphasis added.) 145 Ill. 2d R. 604(d).

It is undisputed that defense counsel's certificate refers only to the sentencing hearings held on May 30 and September 12, 1996, and not to the April 23, 1996, proceeding in which the defendant pleaded guilty. The certificate is unsigned and undated but is attached to the motion filed by defense counsel on October 10, 1996.

Because we find that a motion under Rule 604(d) would have had to have been filed within 30 days of the May 30, 1996, sentencing hearing, we need not consider the effect of the alleged deficiencies in the certificate.

## CONCLUSION

We hold that defendant waived his right to receive admonitions

from the court under Rule 605(b) by his failure to appear at the May 30, 1996, hearing at which sentence was imposed. As a result, the motion to reconsider sentence filed on October 10, 1996, was not timely and was properly denied by the trial court. We therefore need not reach defendant's claim regarding the insufficiency of the certification filed by defense counsel.

As the trial court pointed out, however, this defendant is not entirely without recourse. The same statute that allows him to be sentenced *in absentia* creates a mechanism for him to obtain review of the sentence. The statute requires that defendant demonstrate his "failure to appear in court was both without his fault and due to circumstances beyond his control." 725 ILCS 5/115—4.1(e) (West 1992). This provision is "part of a statutory scheme to afford due process to persons tried *in absentia.*" *People v. Williams*, 274 Ill. App. 3d 793, 799, 655 N.E.2d 470, 475 (1995). A defendant who is sentenced *in absentia* and fails to comply with the requirements of Rule 604(d) is limited to this mechanism to obtain review of his sentence.

For the reasons stated, the judgment of the trial court is affirmed.

Affirmed.

COOK and GREEN, JJ., concur.