THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. BRUCE L. LASTER, Defendant-Appellant.

Second District   No. 2—00—1422

Opinion filed March 21, 2002.

G. Joseph Weller and Patrick M. Carmody, both of State Appellate Defender's Office, of Elgin, for appellant.

Paul A. Logli, State's Attorney, of Rockford (Martin P. Moltz and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE HUTCHINSON delivered the opinion of the court:

On December 6, 2000, defendant, Bruce Laster, filed his notice of appeal, seeking review of his conviction and sentence, both *in absentia*. His appellate counsel moves this court to remand the cause to the trial court so that defendant may receive proper admonishments to perfect his appeal. The State argues that this court lacks jurisdiction to entertain this appeal. We agree with the State and, therefore, we must dismiss this appeal.

In April 1999 defendant, Bruce Laster, was charged by indictment with the offense of unlawful possession of a controlled substance with the intent to deliver (720 ILCS 570/401(c) (West 1998)). Defendant and his counsel appeared in court on April 22, 1999, and the trial court advised defendant that, if he failed to appear at any time his case was set for trial, the trial could proceed without him, and if he was found guilty, he could also be sentenced without being present. Defendant acknowledged his understanding to the trial court. On December 7, 1999, defendant was tried *in absentia* before a jury and subsequently found guilty. On March 15, 2000, the trial court sentenced defendant *in absentia* to a term of six years' imprisonment. Next, the trial court read the admonishments concerning defendant's right to appeal. The record reflects that no notice of appeal was filed at this time.

The record on appeal next reflects that defendant was present in court, but before a different judge, on July 10, 2000. The trial court informed defendant that he had been tried and sentenced in his absence and, because he had failed to appear, a warrant for his arrest had been issued. On October 5, 2000, defendant appeared with counsel before the judge who had previously presided over defendant's trial *in absentia* and his sentencing *in absentia*. Defendant informed the trial court that he was in Louisville, Kentucky, because his aunt had passed away. He added that he had the papers but his counsel advised him that it was too late for him to file an appeal. Defendant asked the trial court whether it was too late for him to file an appeal, and the trial court responded:

"THE COURT: I don't know. *** I can't advise you. An attorney could.

The issue is are you entitled to an attorney. I suppose. You might be able to file *** a post-conviction petition. You have a right to confer with [your] attorney about that.

As far as your appeal rights on the charge itself, I stated to you earlier that you have a right to appeal. Any notice of appeal must be in writing and must be filed within 30 days. You may request the clerk of the circuit court to file the notice of appeal. You would be entitled to a free lawyer and a free transcript.

The problem is more than 30 days has gone by since March 15.

DEFENDANT: Right. I thought that you said if I was represented—

THE COURT: *** I can't advise you. You know, you might be able to talk to [defense counsel], and he might be able to give you some advice. He was your attorney, and you certainly had the right to confer with him in reference to what happened."

On November 7, 2000, defendant *pro se* moved the trial court for a substitution of counsel, and on November 15, 2000, the trial court conducted a hearing. The trial court advised defendant to send a copy of his motion to counsel so counsel would have an opportunity to respond. On November 22, 2000, defense counsel appeared and informed the trial court that he was doing research and filing a notice of appeal. Defense counsel requested another date for a status hearing. On December 6, 2000, defense counsel appeared in court and filed defendant's notice of appeal and moved the court to appoint the office of the State Appellate Defender. The trial court allowed the filing and the appointment of appellate counsel.

Defendant's appellate counsel (counsel or appellate counsel) now moves this court to remand this case for further proceedings in compliance with section 115—4.1(e) of the Code of Criminal Procedure of 1963 (the Code) (725 ILCS 5/115—4.1(e) (West 2000)). Counsel asserts

that the trial court misled defendant or, alternatively, failed to inform him regarding the procedural steps necessary to perfect his appeal. Counsel likens the trial court's procedural violation in the present case to circumstances in which a trial court fails to properly admonish a defendant upon a plea of guilty. See 188 Ill. 2d R. 605(b). Counsel also indicates by inference that defendant relied on the trial court's misleading advice. Counsel argues that, because defendant filed his notice of appeal more than 30 days after the trial court sentenced him, our jurisdiction hinged on his filing of a motion for a new trial or sentencing hearing on the ground that he was not wilfully absent. See 725 ILCS 5/115—4.1(e) (West 2000). Appellate counsel admits that defendant failed to file a section 115—4.1(e) motion but argues that, because of the trial court's failure to properly admonish him, the just remedy is to remand the cause so the trial court may inform him of the proper procedures he must undertake before filing a notice of appeal.

■ Supreme Court Rule 605 (188 Ill. 2d. R. 605) addresses the admonishments that a trial court is required to provide a defendant upon a judgment and sentence following a plea of not guilty (Rule 605(a)), a plea of guilty (Rule 605(b)), and a negotiated plea of guilty (Rule 605(c)). In the present case, defendant entered a plea of not guilty; therefore, Rules 605(b) and 605(c) do not apply. A jury found defendant guilty following his trial *in absentia*. At defendant's sentencing hearing *in absentia*, the trial court provided the proper admonishments pursuant to Rule 605(a) pertaining to defendant's right to appeal. Defendant failed to take advantage of his opportunity for a direct review to this court. Therefore, defendant is limited to the methods provided in section 115—4.1(e) of the Code to obtain review of his sentence. See *People v. Woolridge*, 292 Ill. App. 3d 788 (1997) (concluding that the defendant, who pleaded guilty, was sentenced *in absentia*, and failed to comply with the requirements of Rule 604(d), was limited to the provisions contained in section 115—4.1(e) of the Code to obtain review of the sentence, despite the trial court's failure to provide Rule 605(b) admonishments at the time of sentencing).

Appellate counsel cites *People v. Wright*, 311 Ill. App. 3d 1042 (2000), and *People v. Foster*, 171 Ill. 2d 469 (1996), for the proposition that a trial court should advise a defendant of the proper procedures to perfect an appeal and a reviewing court should excuse a defendant's failure to follow such procedures when such failure rested upon the trial court's misleading or inaccurate comments in the first place. We find the cases inapposite because, in both cases, the defendants were present at their sentencing hearings, which were predicated upon a plea or negotiated plea of guilty, thus triggering the applicable rules

providing for a trial court to provide proper admonishments (145 Ill. 2d Rs. 604(d), 605(b)). In the present case, defendant, who had pleaded not guilty and was convicted by a jury, absented himself from the sentencing hearing where the trial court provided the proper admonishments. Because defendant failed to appear at his own sentencing hearing, the relevant and governing authority lies in the statutes providing for such circumstances.

■ Section 115—4.1(e) of the Code provides:

"(e) When a defendant who in his absence has been *** both convicted and sentenced appears before the court, he must be granted a new trial or new sentencing hearing if the defendant can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control. A hearing with notice to the State's Attorney on the defendant's request for a new trial or a new sentencing hearing must be held before any such request may be granted. At any such hearing both the defendant and the State may present evidence." 725 ILCS 5/115—4.1(e) (West 2000).

Accordingly, under section 115—4.1(e) of the Code, defendant may obtain review of his sentence if he "can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control." 725 ILCS 5/115—4.1(e) (West 2000). This provision is " 'part of a statutory scheme to afford due process to persons tried *in absentia*.' " *Woolridge*, 292 Ill. App. 3d at 793, quoting *People v. Williams*, 274 Ill. App. 3d 793, 799 (1995). The time for presenting such a motion to invoke its provisions is when the formerly absented defendant "appears before the court." 725 ILCS 5/115—4.1(e) (West 2000).

■ We believe that, in the present case, the proper date was October 5, 2000, when defendant appeared before the judge who had presided over his trial *in absentia* and his sentencing *in absentia*. See *People v. Lozada*, 323 Ill. App. 3d 1015 (2001) (dismissing appeal of a defendant who was sentenced *in absentia* for lack of jurisdiction). Defendant informed the trial court that his aunt in Kentucky had passed away and asked whether he could appeal his sentence. The trial court specifically stated that it could not advise him and suggested that he confer with counsel, who was present at the hearing. Upon our reading of the record, we find the trial court's comments were not misleading but, rather, instructive in that defendant was afforded an opportunity to confer with his counsel to discuss the proper procedures to appeal the length of his sentence. Nowhere in section 115—4.1 of the Code does our legislature impose a duty upon the trial court or direct the trial court to inform a defendant of any remaining

procedures to accomplish a judicial review, and we decline to create such an obligation now. Therefore, appellate counsel's request for a remand is denied.

On November 22, 2000, defense counsel informed the trial court that it was conducting research and planning to file a notice of appeal. It was not until December 6, 2000, that defense counsel filed a notice of appeal, which we deem untimely. Because defendant failed to timely present any motion pursuant to section 115—4.1(e) upon which he could have received an appealable ruling, this court is without jurisdiction to consider his appeal.

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction.

Appeal dismissed.

McLAREN and GROMETER, JJ., concur.