THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LeROY PRIEST, Defendant-Appellant.

First District (5th Division)   No. 1—01—4126

Opinion filed December 31, 2003.

Rita A. Fry, Public Defender, of Chicago, for appellant.

Richard A. Devine, State's Attorney, of Chicago, for the People.

JUSTICE HARTIGAN delivered the opinion of the court:

In March 2001, defendant LeRoy Priest pled guilty to possession of a controlled substance with intent to deliver in exchange for a four-year sentence in the Illinois Department of Corrections pursuant to a plea agreement. In April 2001, when defendant failed to appear at his sentencing hearing, the trial court sentenced him *in absentia* to 15 years' imprisonment. In September 2001, defendant filed a motion for a new sentencing hearing under section 115—4.1(e) of the Code of Criminal Procedure of 1963 (Criminal Code) (725 ILCS 5/115—4.1(e) (West 2000)) which the trial court heard and denied in October 2001.

Defendant appeals, arguing that the trial court (1) violated Supreme Court Rule 402(d)(2) (177 Ill. 2d R. 402(d)(2)) when it sentenced defendant *in absentia* to 15 years' imprisonment without affording defendant the opportunity to affirm or withdraw his plea and (2) abused its discretion when it denied defendant's motion for a new sentencing hearing when defendant presented evidence establishing that his absence at the April 2001 sentencing hearing was not wilful and where the court considered improper evidence in making its ruling. We affirm.

## I. BACKGROUND

In March 2000, defendant was charged by information with two counts of possession of a controlled substance with intent to deliver and one count of possession of a controlled substance.

On March 8, 2001, defendant appeared before the trial court to plead guilty to one count of possession of a controlled substance with intent to deliver following a Rule 402 conference. The court admonished defendant of the nature of the charge and the applicable sentencing range of 4 to 15 years' imprisonment. The court further informed defendant that by pleading guilty he had waived his right to a jury trial, his right against self-incrimination, and his right to present and cross-examine witnesses. Defendant answered that he understood the charge, the possible sentences, and the rights he was waiving. He signed a jury waiver and a waiver of his right to a presentence investigation and report.

Prior to the entry of defendant's guilty plea, the trial court agreed to postpone sentencing until April 12, 2001, to permit defendant time

to care for his ill mother and get his affairs in order. The court stated that it agreed to sentence defendant to four years' imprisonment. However, the court warned defendant that if he failed to appear at his sentencing hearing, the court would sentence him in his absence to 15 years in prison. Following this admonishment, the court entered defendant's plea of guilty.

On April 12, 2001, defendant failed to appear at his sentencing hearing, and the trial court continued the case until April 23, 2001. Defendant failed to appear on that date as well. At the hearing, defendant's attorney informed the court that he had contacted defendant's family, but was unable to locate defendant. Consequently, the court sentenced defendant *in absentia* to 15 years in prison.

On May 10, 2001, defendant's attorney filed two motions on defendant's behalf while defendant was still missing. His attorney filed a motion to withdraw defendant's guilty plea, contending that defendant did not understand (1) the nature of the charge against him, (2) the consequences of entering his plea, and (3) that the court was not bound by the plea agreement. The second motion filed by defendant's attorney moved to reconsider the sentence, claiming that the sentence was excessive based on the facts of this case and the mitigating factors of "his lack of prior criminal history, his mental and physical status, and his general upbringing and background." However, according to the record, the court never ruled on either motion.

On May 18, 2001, judgment was entered against the bond. On September 17, 2001, defendant was taken into custody. On September 24, 2001, defendant filed a motion for a new sentencing hearing pursuant to section 115—4.1(e) of the Criminal Code, which allows a defendant convicted or sentenced *in absentia* to be granted a new trial or sentencing hearing if defendant can establish that his failure to appear was both without his fault and due to circumstances beyond his control. 725 ILCS 5/115—4.1(e) (West 2000). In his motion, defendant admitted that the trial court admonished him that he would be sentenced to 15 years in prison if he failed to appear. Defendant claimed that he failed to appear and to contact his attorney or the court because he was the sole caretaker for his ill mother and sister.

On October 11, 2001, the trial court conducted a hearing on defendant's motion. Defendant did not testify, but defendant's mother and sister testified. Defendant's mother, Georgia Priest, testified that in mid-April her heart condition flared up and left her bedridden. She stated that defendant was the only person to take care of her and the household. She also testified that her daughter and defendant's sister, Mildred Berry, was also bedridden at that time, because of her

diabetes. On cross-examination, Georgia testified that she began to feel better in June. She also stated that she has a sister and a niece that live in the Chicago area and that defendant has a 23-year-old son.

Defendant's sister, Mildred, testified that she was bedridden for about two months before she eventually went to the hospital, where it was discovered she had kidney failure. She stated that she was in the hospital for two months. She testified that defendant took care of her prior to her hospital admission because no one else was available to do so. Mildred stated that she is now undergoing dialysis and that defendant's son came to Chicago from Mississippi to take care of her. On cross-examination, she admitted that she did not know who asked her nephew to come to Chicago.

Following this testimony, the trial court denied defendant's motion for a new sentencing hearing. In its ruling, the court noted that defendant not only failed to appear, but he failed to make any attempt to contact the court or his attorney when his family situation improved. The court found that defendant wilfully ignored his promise to appear at his sentencing hearing. Finally, the court observed that the 30-day period for moving to withdraw his guilty plea or to reconsider the sentence had expired and that defendant could only appeal the denial of the section 115—4.1(e) motion.

This appeal follows.

## II. ARGUMENT

On appeal, defendant argues that the trial court (1) violated Supreme Court Rule 402(d)(2) when it sentenced defendant *in absentia* to 15 years' imprisonment without giving defendant the opportunity to affirm or withdraw his plea, and (2) abused its discretion when it denied defendant's motion for a new sentencing hearing when defendant presented evidence establishing that his absence at the April 2001 sentencing hearing was not wilful and where the court considered improper evidence in making its ruling.

### A. Rule 604(d) Compliance

As a threshold matter, we must determine whether this court has jurisdiction over defendant's appeal. Defendant's notice of appeal states that he is appealing the April 23, 2001, sentence and judgment of guilty, and it does not appeal the denial of defendant's section 115—4.1(e) motion. The State contends that this court is without jurisdiction over the appeal of defendant's conviction and sentence because defendant failed to comply with Supreme Court Rule 604(d) (188 Ill. 2d R. 604(d)).

■ Rule 604(d) provides, in part:

"No appeal from a judgment entered upon a plea of guilty shall

be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged, or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment. No appeal shall be taken upon a negotiated plea of guilty challenging the sentence as excessive unless the defendant, within 30 days of the imposition of sentence, files a motion to withdraw the plea of guilty and vacate the judgment." 188 Ill. 2d. R. 604(d).

Compliance with Rule 604(d) is a condition precedent to an appeal. *People v. Wilk*, 124 Ill. 2d 93, 107, 529 N.E.2d 218, 223 (1988). Under Rule 604(d), the appellate court must dismiss the appeal of a defendant failing to file a written motion to withdraw his plea of guilty or to reconsider his sentence. *People v. Jamison*, 181 Ill. 2d 24, 28-29, 690 N.E.2d 995, 997 (1998).

In the case at bar, defendant's counsel filed motions to withdraw defendant's guilty plea and to reconsider the sentence while defendant was still missing[1], but he never obtained a ruling on these motions. The party filing a motion has the responsibility to bring it to the trial court's attention. Unless circumstances indicate otherwise, where no ruling appears to have been made on a motion, the presumption is that the motion was waived or abandoned. *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 512-13, 748 N.E.2d 222, 227 (2001). Since the motions in this case were never ruled upon, defendant failed to strictly comply with Rule 604(d) and this court is without jurisdiction to decide his appeal on the merits.

One exception from the automatic dismissal exists where the trial court failed to issue Supreme Court Rule 605(b) (188 Ill. 2d R. 605(b)) admonitions to the defendant. *People v. Foster*, 171 Ill. 2d 469, 473, 665 N.E.2d 823, 825 (1996). Rule 605(b) mandates that trial judges admonish defendants regarding the requirements of Rule 604(d), thus ensuring that the ramifications of noncompliance comport with due process. 188 Ill. 2d R. 605(b); see also *Foster*, 171 Ill. 2d at 472, 665 N.E.2d at 825.

Here, defendant was not present at his sentencing hearing, and, therefore, the trial court was unable to give him Rule 605(b) admonitions. It is impossible for a trial court to proceed under the statute in the absence of the defendant and to simultaneously strictly

---

[1] It is proper for defense counsel, in defendant's absence, to file notice of appeal. Approval is not required when counsel exercises professional judgment. *People v. Stark*, 121 Ill. App. 3d 787, 789, 460 N.E.2d 47, 48 (1984); *People v. Partee*, 125 Ill. 2d 24, 34, 530 N.E.2d 460, 464 (1988) (recognizing the holding of *Stark*).

comply with Rule 605(b) requirement that the court advise the defendant. *People v. Woolridge*, 292 Ill. App. 3d 788, 791, 686 N.E.2d 386, 388 (1997). "Rules 402, 604(d) and 605(b), which concern guilty pleas, are meant to mesh together not only to ensure that defendants' constitutional rights are protected, but also to avoid abuses by defendants." *Wilk*, 124 Ill. 2d at 103, 529 N.E.2d at 221. Likewise, the statute concerning proceedings *in absentia* and the supreme court rules regarding guilty pleas must be read together in such a way as to give effect to each. *Woolridge*, 292 Ill. App. 3d at 791, 686 N.E.2d at 388. In this case, the failure to give Rule 605(b) admonitions cannot be applied when defendant failed to appear, leaving the court "to engage in the ineffective ritual of advising an empty chair." *Woolridge*, 292 Ill. App. 3d at 791, 686 N.E.2d at 388. Defendant failed to comply with Rule 604(d) and we are without jurisdiction to consider defendant's conviction and sentence.

### B. Jurisdiction Under Section 115—4.1(g)

Defendant filed his notice of appeal within 30 days of the denial of his section 115—4.1(e) motion, but the State contends that this court does not have jurisdiction over defendant's conviction and sentence. Instead, the State avers that at the time defendant filed his notice of appeal in October 2001, he was only able to appeal the denial of the section 115—4.1(e) motion, which he did not specifically raise in his notice of appeal. We agree with the State.

■ Section 115—4.1(e) provides defendants who were convicted and/or sentenced *in absentia* relief, if they can prove that they were not wilfully absent from court. 725 ILCS 5/115—4.1(e) (West 2000). A defendant seeking relief in a section 115—4.1(e) motion must establish that "his failure to appear in court was both without his fault and due to circumstances beyond his control." 725 ILCS 5/115—4.1(e) (West 2000). If the defendant proves that he was not wilfully absent, then the trial court must grant him a new trial or sentencing hearing. 725 ILCS 5/115—4.1(e) (West 2000).

The Illinois Supreme Court has held that a section 115—4.1(e) motion is a "collateral attack upon a final judgment" rather than part of the procedure for a direct appeal of that judgment. *People v. Partee*, 125 Ill. 2d 24, 35, 530 N.E.2d 460, 465 (1988). The supreme court considered it analogous to an action for postjudgment relief under section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 2000)) or a postconviction petition under the Post-Conviction Hearing Act (725 ILCS 5/122—1 through 122—8 (West 2000)). *Partee*, 125 Ill. 2d at 35, 530 N.E.2d at 465. Because a collateral attack upon a judgment is a case separate and apart from the case in which the judg-

ment has been attacked, it has been held that the availability or pendency of a direct appeal will not affect the ripeness of a claim for postconviction or postjudgment relief; conversely, the pendency or availability of the collateral remedy will not affect the jurisdiction of the appellate court over a direct appeal. *Partee*, 125 Ill. 2d at 35-36, 530 N.E.2d at 465.

■ Defendant's section 115—4.1(e) motion did not preserve his direct appeal rights that were lost when his attorney failed to comply with Rule 604(d). Nevertheless, we note that paragraph (g) of section 115—4.1 states:

"A defendant whose motion under paragraph (e) for a new trial or new sentencing hearing has been denied *may* file a notice of appeal therefrom. Such notice *may* also include a request for review of the judgment and sentence not vacated by the trial court." (Emphasis added.) 725 ILCS 5/115—4.1(g) (West 2000).

This language does not allow this court to assert jurisdiction over defendant's direct appeal. Such an interpretation would create a conflict between the language of the statute and Supreme Court Rule 606 (188 Ill. 2d R. 606). This conflict would violate the separation of powers doctrine of the Illinois Constitution and would render section 115—4.1(g) unconstitutional.

Rule 606 provides that in order to perfect an appeal, a defendant must file a notice of appeal within 30 days of the entry of the final judgment appealed therefrom or if a timely posttrial or postsentencing motion is filed, within 30 days after the entry of the order disposing of that motion. 188 Ill. 2d R. 606(b). However, the language of section 115—4.1(g), if interpreted to allow a defendant to raise his direct appeal issues following the denial of a section 115—4.1(e) motion, would open the door for defendants to assert the merits of their direct appeal whenever they return to the jurisdiction of the trial court. This could conceivably be months or years after their direct appeal rights provided under the supreme court rules have been forfeited.

Instead, we are persuaded by the discussion in *People v. Stark*, 121 Ill. App. 3d 787, 460 N.E.2d 47 (1984). In *Stark*, the Fifth District interpreted paragraph (g) to be a

"device to enable [a] defendant to consolidate into one appeal the denial of his motion for new trial or new sentencing hearing based on a reasonable excuse for being absent from the jurisdiction as well as the denial of any traditional post[ ]trial motion. This statutory scheme was not designed to preempt Supreme Court Rule 606(b) [188 Ill. 2d R. 606(b)] which governs the manner in which criminal appeals from final judgments are perfected." *Stark*, 121 Ill. App. 3d at 790, 460 N.E.2d at 49.

The *Stark* court continued and found that this remedy under section 115—4.1(e) does not address the merits of the underlying conviction and sentence and that it should not control the procedures in place for appealing the merits. *Stark*, 121 Ill. App. 3d at 791, 460 N.E.2d at 50. Rather, the last sentence of paragraph (g) of section 115—4.1 recognizes that parallel proceedings may occur when a defendant directly attacks the merits of the conviction or sentence and also files a section 115—4.1 motion. By providing a mechanism for consolidating such proceedings for review upon the filing of a single notice of appeal, the statute by its very terms gives respect to the vitality of a direct appeal on the merits. Thus, this section does not operate to preempt Rule 606(b). *Stark*, 121 Ill. App. 3d at 791-92, 460 N.E.2d at 50.

We agree with this interpretation and find that paragraph (g) of section 115—4.1 enables judicial economy in circumstances where a defendant is appealing both the merits of his conviction and sentence simultaneously with the appeal of his section 115—4.1(e) motion. This interpretation allows section 115—4.1(g) to work with Rule 606 and not create a constitutional conflict.

■ Here, defendant's direct appeal rights were not concurrent with his section 115—4.1(e) motion, and, therefore, he cannot use that denial to maneuver around the supreme court rules dictating his appeal rights. Defendant's appeal of his conviction and sentence is dismissed, and since defendant failed to specifically raise the denial of section 115—4.1(e) motion in his notice of appeal (see *People v. Pontillo*, 267 Ill. App. 3d 27, 33-34, 640 N.E.2d 990, 995 (1994) ("[a]n appellate court has jurisdiction of only those matters raised in the notice of appeal")), no issue remains before this court.

## III. CONCLUSION

For the foregoing reasons, we dismiss defendant's appeal.

Appeal dismissed.

QUINN and REID, JJ., concur.