# Illinois Official Reports

## Appellate Court

---

### *People v. Willoughby*, 2019 IL App (2d) 160729

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER M. WILLOUGHBY, Defendant-Appellant. |
| District & No. | Second District<br>Docket Nos. 2-16-0729, 2-16-0730 cons. |
| Filed | February 28, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, Nos. 13-CF-451, 15-CF-1488; the Hon. John A. Barsanti, Judge, presiding. |
| Judgment | Appeals dismissed. |
| Counsel on Appeal | James E. Chadd, Thomas A. Lilien, and Bruce Kirkham, of State Appellate Defender's Office, of Elgin, for appellant.<br><br>Joseph H. McMahon, State's Attorney, of St. Charles (Patrick Delfino, David J. Robinson, and Victoria E. Jozef, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |
| Panel | JUSTICE SPENCE delivered the judgment of the court, with opinion. Justices McLaren and Jorgensen concurred in the judgment and opinion. |

**OPINION**

¶ 1    These consolidated appeals present the question of whether a remand for compliance with Illinois Supreme Court Rule 604(d) (eff. July 1, 2017) is necessary when an attorney files a postplea motion for a fugitive defendant but fails to file a certificate of compliance with Rule 604(d). Under the circumstances of this case, we conclude that dismissal of the appeals, not a remand, is the proper disposition.

¶ 2                                    I. BACKGROUND

¶ 3    On October 9, 2014, defendant pleaded guilty to burglary (720 ILCS 5/19-1(c) (West 2012)) in case No. 13-CF-451 and was sentenced to a two-year term of probation. Defendant violated his probation, and on August 24, 2015, he was resentenced to a two-year term of probation. Defendant was subsequently charged, in case No. 15-CF-1488, with defrauding a drug and alcohol screening test (720 ILCS 5/17-57(a)(2) (West 2014)), and the State filed a petition to revoke his probation in the burglary case. On May 5, 2016, defendant entered a nonnegotiated plea of guilty of defrauding a drug and alcohol screening test. He also admitted that he had violated his probation.

¶ 4    Defendant failed to appear at his sentencing hearing (which took place August 17, 2016) or any subsequent proceeding. He was sentenced *in absentia* to a one-year prison term for defrauding a drug and alcohol screening test and to a three-year prison term for burglary. The court ordered the prison terms to be served consecutively. Defendant's attorney filed a motion to reconsider defendant's sentences pursuant to Rule 604(d). The trial court denied the motion, and defendant's attorney filed notices of appeal from the sentences for burglary (case No. 2-16-0729) and defrauding a drug and alcohol screening test (case No. 2-16-0730). We consolidated the appeals.

¶ 5                                     II. ANALYSIS

¶ 6    Rule 604(d) provides, in pertinent part, that "[n]o appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence, if only the sentence is being challenged." Ill. S. Ct. R. 604(d) (eff. July 1, 2017). The motion must be in writing, and any issue not raised in the motion will be deemed forfeited. *Id.* Rule 604(d) further requires the defendant's attorney to

> "file with the trial court a certificate stating that the attorney has consulted with the defendant either by phone, mail, electronic means or in person to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." *Id.*

Although defendant's attorney filed a motion to reconsider defendant's sentences, she did not file the certificate that Rule 604(d) requires.

¶ 7    In *People v. Wilk*, 124 Ill. 2d 93, 105 (1988), our supreme court held that compliance with Rule 604(d)'s motion requirement is a condition precedent to an appeal from a guilty plea and that dismissal of the appeal is the proper disposition when a defendant fails to comply with the

motion requirement. In the course of its analysis, the court explained the purpose of the motion requirement:

> "That purpose is to ensure that before a criminal appeal can be taken from a guilty plea, the trial judge who accepted the plea and imposed sentence be given the opportunity to hear the allegations of improprieties that took place outside the official proceedings and *dehors* the record, but nevertheless were unwittingly given sanction in the courtroom. Rule 604(d) provides for fact finding to take place at a time when witnesses are still available and memories are fresh. [Citation.] A hearing under Rule 604(d) allows a trial court to immediately correct any improper conduct or any errors of the trial court that may have produced a guilty plea. The trial court is the place for fact finding to occur and for a record to be made concerning the factual basis upon which a defendant relies for the grounds to withdraw a guilty plea. If the motion to withdraw the plea is denied, that decision can be considered on review." *Id.* at 104.

¶ 8   The *Wilk* court noted that dismissal of the appeal did not necessarily leave the defendant without a remedy. The court observed:

> "[A]n attorney who stands with his client in a criminal proceeding, hears the admonishments of the court required by Rule 605(b) [(Ill. S. Ct. R. 605(b) (eff. July 1, 1975))], and fails to adhere to Rule 604(d) by moving to withdraw the plea prior to filing a notice of appeal has fallen short of providing competent representation. *** The defendant, *through no fault of his*, is deprived of a right to be heard in the appellate court. Such assistance of counsel, coupled with the denial of appellate review, raises effective assistance of counsel constitutional questions. Furthermore, many of the grounds for withdrawal of guilty pleas, consideration of which is denied because of counsel's failure, themselves may raise constitutional questions." (Emphasis added.) *Id.* at 105-06.

The court explained that the defendant could seek a remedy under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2016)) for counsel's failure to preserve the defendant's right to an appeal.

¶ 9   In a subsequent decision, *People v. Janes*, 158 Ill. 2d 27 (1994), the court held that attorneys representing criminal defendants in postplea proceedings must strictly comply with Rule 604(d)'s certificate requirement. Although the *Janes* court relied heavily on *Wilk*, the court drew an important distinction: unlike the motion requirement, Rule 604(d) did not make the certificate requirement a condition precedent to an appeal. *Id.* at 34. Thus, an attorney's failure to comply with the certificate requirement did not dictate that the appeal be dismissed. *Id.* The *Janes* court held that, when the defendant's attorney fails to strictly comply with the certificate requirement, the proper disposition of the appeal is to remand to the trial court for proceedings in full compliance with Rule 604(d). *Id.* at 33.

¶ 10   For an attorney's certificate to fully comply with Rule 604(d), it must state that counsel consulted with the defendant to ascertain his or her contentions of error in the sentence and the entry of the plea of guilty. Nothing in *Janes* suggests that the defendant was unavailable for consultation. Here, in contrast, defendant concedes that he was not available for consultation. Nevertheless, he argues that, because his attorney deemed it necessary to file a motion to reconsider his sentences, she was required to file a certificate in strict compliance with Rule 604(d). According to defendant, his absence "should not relieve counsel of her obligation to

comply with the certification requirement when she chose to file a post-judgment motion." We disagree.

¶ 11    Whether *Janes* applies when the defendant is unavailable for consultation with counsel appears to be a question of first impression. "[T]o determine a judicial decision's precedential effect in a subsequent case, a court must consider the *ratio decidendi* of the earlier decision." *Kelley v. Sheriff's Merit Comm'n*, 372 Ill. App. 3d 931, 934 (2007). It has been observed:

> "The *ratio decidendi* of a case is 'the principle of law which is the basis of the actual decision and therefore, by virtue of the doctrine of *stare decisis*, the principle which subsequent courts, faced with a set of facts indistinguishable in any material particular from those in the precedent case, must apply to the decision of the subsequent case also.' [Citation.] *** [T]o determine the *ratio decidendi* of a case, a court must ascertain (1) what facts were considered material by the court in the prior case, and (2) 'what proposition of law justified that decision on these material[ ] facts.' " *Panchinsin v. Enterprise Cos.*, 117 Ill. App. 3d 441, 444 (1983).

¶ 12    *Janes* was primarily concerned with whether Rule 604(d) required strict compliance with the certificate requirement. It contains little discussion of the basis for the court's decision that the remedy for a violation of the certificate requirement is to remand to the trial court. Nonetheless, because *Janes* relied heavily on *Wilk*, *Wilk* sheds light on *Janes*'s *ratio decidendi*. Although the result in *Wilk* was harsh, the court commiserated with defendants who were punished for their attorneys' mistakes; the court was careful to point out that a defendant who had lost the right to appeal might be able to obtain a remedy in a postconviction proceeding.

¶ 13    Unconstrained by the principle that a Rule 604(d) *motion* is a condition precedent to an appeal, the *Janes* court was able to require strict compliance with the certificate requirement without punishing defendants and forcing them to seek relief under the Post-Conviction Hearing Act. This is eminently sensible, inasmuch as the certificate requirement is designed to ensure that defense counsel has fulfilled his or her obligations to the defendant. It would be incongruous to penalize defendants for their attorneys' violations of such a rule. However, when counsel is not to blame for noncompliance with Rule 604(d), the justification for remanding the case disappears.

¶ 14    Read in light of *Wilk*, *Janes* stands for the proposition that, *where the defendant is not at fault*, counsel's failure to strictly comply with Rule 604(d)'s certificate requirement should not result in the deprivation of the defendant's right to appeal. That the defendant in *Janes* was available to consult with counsel was material to the result in *Janes*. Here, in contrast, defendant made himself unavailable for consultation with his attorney and thereby made it impossible for his attorney to strictly comply with the certificate requirement. Because defendant's attorney could not consult with defendant, she obviously could not certify that she had done so.

¶ 15    Although not precisely on point, *People v. Priest*, 345 Ill. App. 3d 660 (2003), and *People v. Woolridge*, 292 Ill. App. 3d 788 (1997), support our analysis. In *Priest*, the defendant entered a guilty plea but failed to appear at sentencing. His attorney filed Rule 604(d) motions, but never obtained rulings on them. The *Priest* court concluded that the failure to obtain rulings on the motions required dismissal of the appeal. The court noted that an exception to the rule of dismissal exists when the trial court fails to admonish the defendant pursuant to Illinois Supreme Court Rule 605(b) (eff. Oct. 1, 2001). However, the court found that the exception

was inapplicable because the defendant failed to appear, "leaving the court 'to engage in the ineffective ritual of advising an empty chair.' " *Priest*, 345 Ill. App. 3d at 666 (quoting *Woolridge*, 292 Ill. App. 3d at 791). In *Woolridge*, the defendant likewise failed to appear at sentencing. When he later appeared before the trial court, the court admonished him pursuant to Rule 605(b). The defendant argued that the 30-day period for filing a Rule 604(d) motion began when the trial court admonished him pursuant to Rule 605(b). The *Woolridge* court rejected the argument, concluding that the 30-day period began when the defendant was sentenced *in absentia*, even though he was not admonished at that time. The court reasoned that it was impossible for a trial court to proceed under the statute providing for sentencing an absent defendant while simultaneously complying with Rule 605(b). *Woolridge*, 292 Ill. App. 3d at 791. Similarly, here, defendant's absence made it impossible for counsel to certify that she had consulted with him. Thus, he is not entitled to relief for her failure to do so.

¶ 16 It is important to note that defendant's absence did not prevent his attorney from certifying that she examined the appropriate parts of the trial court record and made appropriate amendments to the Rule 604(d) motion. It is arguable that defendant's attorney should have complied with the certificate requirement to the extent possible. In other words, it is conceivable that, when strict compliance is not possible but partial compliance is, counsel's failure to partially comply with the certificate requirement should trigger *Janes*. That is not defendant's argument, however. Defendant argues that counsel was obligated to *strictly* comply with the certificate requirement and that *Janes* therefore applies. For the reasons set forth above, we conclude that, because defendant made strict compliance impossible, *Janes* does not apply. We leave for another day the question of whether *Janes* applies when only partial compliance is possible.

¶ 17 We end by repeating the *Woolridge* court's closing observation:

> "[D]efendant is not entirely without recourse. The same statute that allows him to be sentenced *in absentia* creates a mechanism for him to obtain review of the sentence. The statute requires that defendant demonstrate [that] his 'failure to appear in court was both without his fault and due to circumstances beyond his control.' 725 ILCS 5/115-4.1(e) (West 1992). This provision is 'part of a statutory scheme to afford due process to persons tried *in absentia*.' *People v. Williams*, 274 Ill. App. 3d 793, 799 \*\*\* (1995). A defendant who is sentenced *in absentia* and fails to comply with the requirements of Rule 604(d) is limited to this mechanism to obtain review of his sentence." *Id.* at 793.

This observation applies equally to defendant here. See 725 ILCS 5/115-4.1(e) (West 2016).

¶ 18 III. CONCLUSION

¶ 19 For the foregoing reasons, we dismiss these appeals. As part of our judgment, we grant the State's request that defendant be assessed $50 as costs for these appeals. 55 ILCS 5/4-2002(a) (West 2016); see also *People v. Nicholls*, 71 Ill. 2d 166, 178 (1978).

¶ 20 Appeals dismissed.